IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CHEMISTRY COUNCIL, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) |
| ENVIRONMENTAL PROTECTION AGENCY, | ) Docket No. 24-60193 |
| Respondent. | ) |

**MOTION TO INTERVENE**

CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

- Occupational Safety & Health Law Project, LLC (Counsel for Intervenor)

- Randy S. Rabinowitz (Counsel for Intervenor)

- Victoria L. Bor (Counsel for Intervenor)

- Nathan Finch (Counsel for Intervenor)

- Motley Rice (Counsel for Intervenor)

- United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC

In addition, the Texas Chemistry Council has identified the following Interested Parties:

- Baker Botts L.L.P. (Petitioner's counsel)
- Carter, Beau (Petitioner's counsel)

- Garland, Merrick B., Attorney General, United States Department of Justice (Respondents' counsel)

- Prieto, Jeffrey M. (General Counsel for Respondent United States Environmental Protection Agency)

- Regan, Michael S., Administrator, United States Environmental Protection Agency (Respondent)

- Streett, Aaron M. (Petitioner's counsel)

- Texas Chemistry Council (Petitioner)

- United States Environmental Protection Agency (Respondent)


/s/ Randy Rabinowitz

***Randy Rabinowitz***

Pursuant to Fed. R. App. P. 15(d), the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW") hereby moves to intervene in the above-captioned case, which seeks review of the Final Rule of the Environmental Protection Agency (EPA) "Asbestos Part 1: Chrysotile Asbestos: Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 21970 (March 28, 2024) (Chrysotile Asbestos Rule).

The Texas Chemistry Council and other industry petitioners challenge a final rule issued by the EPA. USW challenged the same rule in a petition filed with the U.S. Court of Appeals for the D.C. Circuit (Case No. 24-1089) and, pursuant to an order of the Judicial Panel on Multidistrict Litigation, USW's petition for review has been transferred to this Court.

In support of this Motion, the USW states as follows:

1. Occupational exposure to chrysotile asbestos is a well-recognized workplace hazard, which leads to mesothelioma, lung cancer, other cancers, and asbestosis. 89 Fed. Reg. 21970. EPA has concluded that various "conditions of use," including "processing and industrial use of asbestos sheet gaskets," pose an unreasonable risk to the health of exposed workers. *Id.* Under section 6(a) of the

Toxic Substances Control Act, as amended, 15 U.S.C. §2605(a), when EPA finds that a chemical substance presents an "unreasonable risk to health or the environment," the Agency "shall" adopt a rule "to the extent necessary so that the chemical substance no longer presents such risk."

2. EPA has adopted the Chrysotile Asbestos Rule to accomplish its statutory duty to eliminate the unreasonable risk posed by chrysotile asbestos. EPA's rule does so by banning continued use of chrysotile asbestos in most "conditions of use." 89 Fed. Reg. 21970-71. In several instances, EPA has permitted continued use of chrysotile asbestos for a period of up to twelve years but has required interim protections for exposed workers during that period. 89 Fed. Reg. 21987; 40 C.F.R. 751.511(a). For use of asbestos sheet gaskets other than those used in the production of titanium dioxide, the final rule permits new gaskets to be installed for up to two years, 40 C.F.R. §751.509(a), but imposes no deadline on when those gaskets must be removed. The final rule requires no interim protections for workers using or otherwise exposed to asbestos sheet gaskets.

3. USW is an international labor union that represents 850,000 members in the United States and Canada in the steel, paper and forestry, rubber, manufacturing, energy, allied industrial, and service sector industries. USW represents a majority of unionized workers in the rubber, chemical, petroleum,

5

paper, metal and mineral mining (other than coal) and general manufacturing industries in these countries.

4. USW has long been committed to the health and safety of its members, their families, and the communities in which their workplaces are located. USW is dedicated to protecting and maintaining safe working conditions for individual members. Occupational safety and health is a mandatory subject of bargaining, as defined by the National Labor Relations Act. USW has an extensive safety and health program, centered on union safety and health representatives at the plant level, and backed up by professional headquarters staff. USW has a keen interest in, and actively advocates for, state and local regulatory agencies determining whether the chemicals to which its members are exposed pose unreasonable risks and, if so, adopting rules that protect its members from unreasonable risks.

5. Thousands of USW members are exposed to chrysotile asbestos when oil refineries, petrochemical plants, and other facilities install new asbestos sheet gaskets, when they repair, replace, or maintain equipment with asbestos sheet gaskets, and when they remove asbestos sheet gaskets.

6. USW has actively participated in many activities EPA has undertaken under TSCA, including filing comments with other unions on most EPA risk evaluations, commenting on proposed risk management rules, including the Chrysotile Asbestos Rule challenged here, and as a petitioner in *Safer Chemicals v.*

*EPA,* 943 F.3d 397 (9th Cir. 2019), and *Neighbors for Environmental Justice v. EPA,* No. 20-72091 (9th Cir.) (petition dismissed following remand to EPA).

7. The Chrysotile Asbestos Rule is the first risk management rule EPA has adopted since Congress amended TSCA in 2016 by passing the Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, 130 Stat. 448, 462-62 (2016), and resolution of the pending petitions may set toxic regulatory policy for decades to come, impacting the chemical exposures USW members face and the occupational risks they encounter from asbestos and other chemicals whose risks EPA may evaluate.

8. More specifically, USW fears that the pending industry petitions seek to weaken or eliminate the protections the Chrysotile Asbestos Rule will provide to USW members. USW agrees with EPA that exposure to chrysotile asbestos poses unreasonable risks to the health of its members; on behalf of its members, USW seeks to ensure that EPA's authority to regulate chrysotile asbestos is not jeopardized. Further, USW believes EPA should extend the interim worker protections it has mandated for some workers to USW members and other workers handling asbestos sheet gaskets, which is the focus of its petition for review. Action by this Court to grant the industry petitions would injure USW members by denying or reducing the protections from asbestos exposure EPA has adopted and rendering USW's arguments for interim worker protections moot. Therefore, USW

has a strong and direct interest in opposing those efforts and seeks to participate as an intervenor in support of Respondent.

9. Counsel for EPA, the American Chemistry Council, Texas Chemistry Council, and the Georgia Chemistry Council have stated that they take no position on this motion.

**Accordingly,** USW respectfully moves for leave to intervene in the above-captioned petition for review in support of Respondent.

Dated: May 16, 2024

Respectfully submitted,

/s/Randy S. Rabinowitz
Occupational Safety & Health Law Project, LLC
P.O. Box 3769 Washington, DC 20027 (202) 256-4080
randy@oshlaw.org

/s/ Victoria L. Bor
Occupational Safety & Health Law Project, LLC
P.O. Box 3769 Washington, DC
(301) 785-3204
Victoriabor87@gmail.com

Nathan Finch
Motley Rice
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 232-5507
nfinch@motleyrice.com

*Counsel for Movant USW*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, I electronically filed the foregoing Motion to Intervene with the Court by using the CM/ECF system. All participants who are registered CM/ECF users will be served by the Court's CM/ECF system.

/s/ Randy Rabinowitz

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that the foregoing Motion to Intervene complies with the type- volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion is in Times New Roman 14-point typeface. The motion contains 957 words.

/s/ Randy Rabinowitz
Randy Rabinowitz