# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CHEMISTRY COUNCIL, *et al.*<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*<br><br>Respondents. | Nos. 24-60193, 24-60281, 24-60333 (consolidated) |

## JOINT MOTION TO ESTABLISH BRIEFING FORMAT AND MODIFY SCHEDULE

Pursuant to Fed. R. App. P. 26(b), 27, and 32 and Fifth Circuit Rule 32.4, Petitioners and Intervenors United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO ("USW"), and Asbestos Disease Awareness Organization ("ADAO"); Petitioners American Public Health Association, Collegium Ramazzini, IAFF Local F-253 (Fort Myer Professional Firefighters), IAFF Local F-116 (Vandenberg Professional Firefighters), The FealGood Foundation, Henry A. Anderson, MD, Brad Black, MD, Barry Castleman, ScD, Raja Flores, MD, Arthur Frank, MD, PhD, Phil Landrigan, MD, MSc, Richard Lemen, PhD, MSPH, Steven Markowitz, MD, DrPH, Jacqueline Moline, MD, MSc, Celeste Monforton, DrPH, MPH,

1

Christine Oliver, MD, MPH, MSc, and Andrea Wolf, MD, MPH (collectively "APHA"); Petitioners and Intervenors Ohio Chemistry Technology Council, American Chemistry Council, Georgia Chemistry Council, Texas Chemistry Council, and Petitioner Olin Corporation (collectively "Industry Petitioners"); and Respondents, the United States Environmental Protection Agency and its Administrator Michael S. Regan (collectively "EPA") jointly move the Court to establish the briefing format and modified schedule set forth below. In support of this Motion, the parties submit the following:

**I. Background**

1. This action involves seven petitions for review. Nos. 24-60193, 24-60281, and 24-60333.

2. These petitions challenge a final rule entitled "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)." *See* 89 Fed. Reg. 21970 (Mar. 28, 2024) (codified at 40 C.F.R. Part 751) ("Asbestos Part 1 Rule").

3. EPA filed the certified index to the administrative record on July 12, 2024. Dkt. 71.

4. On July 17, 2024, the Court issued a Briefing Notice setting an August 26, 2024 deadline for filing opening briefs. Dkt. 75.

## II. Proposed Briefing Format and Schedule

5. The parties jointly propose the following briefing format and schedule:

| DATE | FILING DUE | No. of Words |
|---|---|---|
| Sept. 30, 2024 | Petitioners' Opening Briefs | 18,000 collectively for USW/ADAO/APHA (to be divided among parties); 18,000 collectively for Industry Petitioners (to be divided among parties) |
| Jan. 17, 2025 | EPA's Response Brief | 36,000 |
| Feb. 7, 2025 | Intervenor Briefs | 18,000 collectively for USW/ADAO/APHA (to be divided among parties); 18,000 collectively for Industry Petitioners (to be divided among parties) |
| Feb. 28, 2025 | Reply Briefs | 9,000 collectively for USW/ADAO/APHA (to be divided among parties); 9,000 collectively for Industry Petitioners (to be divided among parties |
| Mar. 21, 2025 | Deferred Joint Appendix | |
| Apr. 4, 2025 | Final Briefs | |

**A. Petitioners' Rationale for Proposed Briefing Format and Schedule**

6. The Asbestos Part 1 Rule at issue in this case imposes a ban on certain conditions of use of chrysotile asbestos under section 6(a) of the Toxic Substances Control Act ("TSCA"). The rule is the first application of new regulatory authority EPA received under the 2016 TSCA Amendments and the Court will be examining new statutory language for the first time. The twenty-four petitioners seeking review of the rule include representatives of impacted chemical producers, public health organizations concerned about the harmful effects of asbestos, unions

3

representing at risk workers, and scientists specializing in asbestos disease. Collectively, the petitioners will likely raise a wide range of issues relating to the rule's validity. The administrative record for the rule is voluminous, spanning seven years of EPA work on asbestos, and includes not just the rulemaking itself but the extensive risk evaluation of chrysotile asbestos which preceded it. Petitioners only received the index to the record on July 12 and have just started to review it. The current August 26 deadline for filing opening briefs provides too little time to review and analyze the record, research the relevant law and legislative history, enable petitioners to consult with each other to avoid duplication, and draft and finalize briefs. The proposed schedule would extend the filing deadline by only 35 days, well within the length of extensions that the Court routinely grants for opening briefs.

7. The proposed schedule increases the allowable number of words for opening and intervenor briefs by 5,000 words and for reply briefs by 2,500 words. These additional words would be allocated to each of the two groups of petitioners (USW, ADAO/APHA and Industry Petitioners) and divided within these groups as the petitioners see fit. The additional words are needed to assure that all the issues that different petitioners wish to raise can be included in the briefs and adequately addressed. They will also enable the petitioners to fully inform the Court about the progression of the Asbestos Part 1 Rule, the relevant portions of the administrative

4

record, the options identified by the Agency, the positions and information presented in the comments of interested parties and EPA's responses to the commenters, the feedback of independent peer reviewers on EPA's evaluation of the science on chrysotile asbestos health effects, and the structure and history of the 2016 amendments to TSCA as they relate to the asbestos Part 1 risk evaluation and rulemaking. The additional words will therefore facilitate and contribute significantly to the Court's consideration of the issues.

### B. EPA's Rationale for Proposed Briefing Format and Schedule

8. To ensure EPA has adequate words to respond to the issues and arguments raised by USW/ADAO/APHA and Industry Petitioners in their opening briefs, EPA requests that the Court allocate the same number of words for its brief that the Court allocates collectively to USW/ADAO/APHA and Industry Petitioners' opening briefs.

9. EPA also seeks additional time to submit its response brief. Under normal circumstances, EPA typically requests 60 days for respondent briefs, rather than the default 30 days, to allow sufficient time for interagency drafting and review. Here, additional time is warranted because EPA will be responding to opening briefs totaling 36,000 words, which is nearly three times the size of a single response brief under Fed. R. App. P. 32(a)(7)(B)(i). Further, in preparing EPA's response brief, the undersigned counsel for EPA must coordinate with, and

obtain approvals from, various officials at both EPA and within the United States Department of Justice ("DOJ"), which must be reviewed not only for the arguments contained therein but also for their technical correctness. Based on the length of Petitioners' opening briefs, as well as the underlying facts, extensive administrative record, and complexity of the issues, it would be exceedingly difficult to draft the response brief and also obtain the required technical reviews and approvals within 30 or even 60 days. Accordingly, a deadline of January 17, 2025 for EPA's response brief is warranted here.

Respectfully submitted this 1st day of August, 2024 by:

TODD KIM
Assistant Attorney General

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390 (phone)
(202) 514-8865 (fax)
Email: laura.glickman@usdoj.gov

*Counsel for EPA*

*/s/ Nicholas D. Stellakis*
Elbert Lin
  Lead Counsel
  ELin@Hunton.com
Matthew Leopold
  MLeopold@HuntonAK.com
Erica Peterson

EPeterson@Hunton.com
Nicholas D. Stellakis
   NStellakis@Hunton.com
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave. NW, Suite 500
Washington, DC 20037-1701
T: (202) 955-1857
F: (202) 778-2201

*Counsel for Olin Corporation*

*/s/ David Y. Chung*
David Y. Chung
Warren Lehrenbaum
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, DC  20004
(202) 624-2500 (phone)
(202) 628-5116 (fax)
dchung@crowell.com

*Counsel for American Chemistry Council, Georgia Chemistry Council, and Texas Chemistry Council*

*/s/ Robert J. Karl*
Robert J. Karl (0042292)
Eric B. Gallon (0071465)
Porter, Wright, Morris & Arthur LLP
41 S. High Street, Suite 3000
Columbus, Ohio 43215-6194
Telephone: 614-227-1925
Email: rkarl@porterwright.com
egallon@porterwright.com

*Counsel for the Ohio Chemistry Technology Council*

*/s/Randy S. Rabinowitz*
Occupational Safety & Health Law Project, LLC
P.O. Box 3769
Washington, DC 20027

(202) 256-4080
randy@oshlaw.org

*/s/ Victoria L. Bor*
Occupational Safety & Health Law Project, LLC
P.O. Box 3769
Washington, DC
(301) 785-3204
Victoriabor87@gmail.com

Nathan Finch
Motley Rice
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 232-5507
nfinch@motleyrice.com

*Counsel for United Steelworkers*

*/s/ Robert M. Sussman*
ROBERT M. SUSSMAN
Sussman & Associates
3101 Garfield Street, NW
Washington, DC 20008
T: 202.716.0118
bobsussman1@comcast.net

*Counsel for ADAO and APHA*

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,056 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN
Counsel for Respondent EPA
