No. 24-60193

# In the United States Court of Appeals for the Fifth Circuit

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO; Ohio Chemistry Technology Council,

*Petitioners,*

v.

United States Environmental Protection Agency,

*Respondent.*

Consolidated with No. 24-60281

American Public Health Association; Collegium Ramazzini; Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FeelGood Foundation; Henry A. Anderson, *Medical Doctor*; Brad Black, *Medical Doctor*; Barry Castleman, *Doctor* of Science; Raja Flores, *Medical Doctor*; Arthur Frank, *Medical Doctor*, *Doctor* of Philosophy; Phil Landrigan, *Medical Doctor*, Master of Science; Richard Lemen, *Doctor* of Philosophy, Master of Public Health; Steven Markowitz, *Medical Doctor*, *Doctor* of Public Health; Jacqueline Moline, *Medical Doctor*, Master of Science; Celeste Monforton, *Doctor* of Public Health, Master of Public Health; Christine Oliver, *Medical Doctor*, Master of Public Health, Master of Science; Andrea Wolf, *Medical Doctor*, Master of Public Health,

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, *Administrator, United States Environmental Protection Agency*,

*Respondents.*

---

Consolidated with No. 24-60333

---

OLIN CORPORATION,

*Petitioner,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, *Administrator, United States Environmental Protection Agency*,

*Respondents.*

---

**On Petitions for Review of Final Agency Action of the United States Environmental Protection Agency**
89 Fed. Reg. 21,970 (Mar. 28, 2024)

---

**ALLIANCE FOR AUTOMOTIVE INNOVATION'S RESPONSE TO MOTION FOR RECONSIDERATION OF OCTOBER 15, 2024 ORDER GRANTING LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF INDUSTRY PETITIONERS**

---

David Fotouhi
  *Counsel of Record*
Nathaniel J. Tisa
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8502
dfotouhi@gibsondunn.com
ntisa@gibsondunn.com

*Counsel for Amicus Curiae
Alliance for Automotive Innovation*

# RESPONSE TO MOTION FOR RECONSIDERATION

Alliance for Automotive Innovation ("Auto Innovators") respectfully submits the following response to the motion for reconsideration filed by Petitioner and Intervenor Asbestos Disease Awareness Organization ("ADAO") and Petitioners in No. 24-60281 (collectively, "Movants") of the Court's Order granting Auto Innovators leave to file an *amicus curiae* brief in support of Industry Petitioners, Dkt. 132-1 (Stewart, J.).[1]

Auto Innovators satisfied all requirements for amicus participation. Movants do not dispute that Auto Innovators stated a sufficient "interest" in the case, Fed. R. App. P. 29(a)(3)(A), or that the brief avoided "repetition" of existing arguments by focusing on points "not made or not adequately discussed" by the parties, Fifth Cir. R. 29.2. And Auto Innovators raised arguments that are "relevant to the disposition of" this case challenging actions by the Environmental Protection Agency ("EPA") under the Toxic Substances Control Act ("TSCA"). Fed. R. App. P. 29(a)(3)(B).

---

[1] Industry Petitioners are Olin Corporation, Ohio Chemistry Technology Council, American Chemistry Council, Georgia Chemistry Council, and Texas Chemistry Council. *See* Dkt. 41.

Petitioners challenge EPA's risk evaluation and risk-management rule as inconsistent with TSCA, Industry Br. 1–2 (Dkt. 41); ADAO Br. 2 (Dkt. 107), and Industry Petitioners seek vacatur of the "Final Rule" and a remand of "the matter" to EPA, Industry Br. 5. To aid the Court, Auto Innovators explained TSCA's requirements, Amicus Br. 12, 16–18, 30–35 (Dkt. 133), and pointed to instances where EPA fell short in analyzing the workplace conditions of use focused on by Industry Petitioners, *e.g.*, *id.* at 13–14, 22, 25–26, 30–32, and in other respects that are indisputably part of the rulemaking on review and reflected in the administrative record, *e.g.*, *id.* at 15, 18–21, 27–29, 33–35.

Nothing more was required. *Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021) (per curiam); *id.* at 676 (explaining this Court's policy of allowing amici participation "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted") (quotation omitted). This Court should deny reconsideration for three reasons.[2]

*First*, Movants misapprehend the applicable legal standard. An amicus need only show that "the matters asserted are relevant to the

---

[2] Auto Innovators takes no position as *amicus curiae* on Movants' alternative request of 9,000 additional words for ADAO's intervenor brief.

disposition of the case," Fed. R. App. P. 29(a)(3)(B), and that its brief "avoid[s] the repetition of facts or legal arguments contained in the principal brief" and "focus[es] on points either *not made or not adequately discussed* in those briefs." Fifth Cir. R. 29.2 (emphasis added). The arguments in Auto Innovators' brief plainly relate to the EPA actions challenged in this case and arise exclusively from the rulemaking record, including agency materials and comment letters submitted to the agency.[3]

To be sure, an amicus does not control the litigation and cannot force a decision on additional issues. *See* Mtn. 4–5 (Dkt. 135) (collecting authorities for this proposition). Auto Innovators has not asked the Court to grant relief different from that requested by the parties or to expand the case beyond the EPA actions on review. In any event,

---

[3] Movants' cited cases do not support reconsideration. In *Ysleta Del Sur Pueblo v. El Paso County Water Improvement District No. 1*, 222 F.3d 208, 209 (5th Cir. 2000) (per curiam), this Court denied leave to file an amicus brief because the motion was "untimely" and the issue raised had "been adequately briefed" by the parties. Similarly in *Owens v. Louisiana State University*, 702 F. Supp. 3d 451, 453 (M.D. La. 2023), the district court held that leave was unwarranted because the amicus cited cases already "included in the parties' briefing" and offered "redundant" arguments. And in *United States v. Board of County Commissioners of County of Otero*, 184 F. Supp. 3d 1097, 1116 (D.N.M. 2015), the district court found an amicus brief failed to assert relevant arguments because it "d[id] not address either of the two claims pending before" the court.

whether to address an argument in resolving the case is a decision for the merits panel, not a reason to deny leave. *Lefebure*, 15 F.4th at 676.

*Second*, Movants mischaracterize Auto Innovators' arguments about the adequacy of EPA's peer-review process by asserting the brief states that the process was "rigged" and that "scientists sought to further their financial interests in personal injury cases by forcing the peer review panel and agency scientists" to adopt the risk evaluation. Mtn. 2, 10. The brief never uses the word "rigged," as suggested by Movants' use of quotation marks, and does not ascribe improper motives to individuals' decisions to participate in the challenged risk evaluation.

Rather, Auto Innovators argued that EPA failed to guard against bias or the appearance of bias by allowing plaintiffs-bar experts who have long advocated for banning chrysotile asbestos to serve on the TSCA Science Advisory Committee on Chemicals and as peer reviewers for the risk evaluation. Amicus Br. 18–21. The brief relies exclusively on information and comments in the administrative record that raised this exact issue to the agency. *See id.* at 18–19, 20 n.5 (collecting comments). Movants are thus not correct that the issue is "fabricat[ed]." Mtn. 10.

*Third*, Fifth Cir. R. 27.4 requires that "[a]ll motions must state that the movant has contacted or attempted to contact all other parties and must indicate whether an opposition will be filed." ADAO's motion does not state whether it contacted the other parties and does not note the parties' positions; thus, the motion for reconsideration is "not properly before the court" and may be denied on that basis alone. *Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 262 n.3 (5th Cir. 2017) (unpub.).[4]

\*       \*       \*

For these reasons, Auto Innovators respectfully submits that the motion for reconsideration should be denied.

---

[4] Counsel for Auto Innovators was not contacted by Movants before the motion for reconsideration was filed.

Dated: October 17, 2024		Respectfully submitted,

		GIBSON, DUNN & CRUTCHER, LLP

		/s/ David Fotouhi
		David Fotouhi
		  *Counsel of Record*
		Nathaniel J. Tisa
		GIBSON, DUNN & CRUTCHER LLP
		1700 M Street, N.W.
		Washington, D.C. 20036
		(202) 955-8502
		dfotouhi@gibsondunn.com
		ntisa@gibsondunn.com

		*Counsel for Amicus Curiae*
		*Alliance for Automotive Innovation*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2024, I filed the foregoing document using the Court's ECF system. Service on all counsel of record for all parties was accomplished electronically using the Court's CM/ECF system.

                                        Respectfully submitted,

                                        */s/ David Fotouhi*
                                        David Fotouhi
                                        GIBSON, DUNN & CRUTCHER LLP
                                        1700 M Street, N.W.
                                        Washington, D.C. 20036
                                        (202) 955-8502
                                        dfotouhi@gibsondunn.com

**CERTIFICATE OF COMPLIANCE**

1. This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 985 words as counted by the automated function of Microsoft Word Professional Plus 2019.

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using New Century Schoolbook 14-point font.

Dated:  October 17, 2024        Respectfully submitted,

*/s/ David Fotouhi*
David Fotouhi
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8502
dfotouhi@gibsondunn.com