# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CHEMISTRY COUNCIL, *et al.* <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.* <br><br> Respondents. | Nos. 24-60193, 24-60281, 24-60333 (consolidated) |

## RESPONDENTS' RESPONSE TO PETITIONER ADAO'S MOTION FOR RECONSIDERATION

On October 7, 2024, the Alliance for Automotive Innovation ("Auto Innovators") filed a Motion for Leave to File Brief As Amicus Curiae In Support of Industry Petitioners. Doc. 121-1. EPA consented to the Motion. The Court granted the Motion on October 15, 2024. Doc. 132-1. On October 15, 2024, Petitioners Asbestos Disease Awareness Organization ("ADAO"), et al. filed a Motion for Reconsideration. Doc. 135. EPA, et al. responds as follows:

1. EPA takes no position on the relief requested in ADAO's Motion for Reconsideration, however notes that many of the issues presented in Auto Innovators' amicus curiae brief, Doc. 133, are not presented in Petitioners' opening briefs and therefore should not be considered by the Court.

2. This Court generally disregards issues raised solely by an amicus curiae. *See, e.g.*, *Anderson v. City of New Orleans*, 38 F.4th 472, 481 (5th Cir. 2022) ("For obvious reasons, new issues, generally, cannot be raised in an amicus brief."); *Christopher M. by Laveta McA v. Corpus Christi Indep. Sch. Dist.*, 933 F.2d 1285, 1293 (5th Cir. 1991) ("Absent exceptional circumstances, an issue waived by appellant cannot be raised by amicus curiae.").

3. Auto Innovators' amicus curiae brief raises multiple new issues, namely that EPA purportedly: (1) did not predict any incremental cancer cases from asbestos exposure (Auto. Br. at 12–16); (2) did not provide for unbiased peer review (*id.* at 18–21); (3) incorrectly estimated hazard and exposure from do-it-yourself brake changes due to errors in its asbestos fiber size analysis (*id.* at 23–24); (4) overstated the hazard of asbestos (*id.* at 26–28); (5) did not properly consider the costs of the Final Rule (*id.* at 29–33); and (6) exceeded its statutory authority to regulate replacement parts and articles (*id.* at 33–35).

4. The Court should not consider Auto Innovators' new arguments.

Dated: October 17, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General

s/ Laura J. Glickman
LAURA J. GLICKMAN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390 (phone)
(202) 514-8865 (fax)
Email: laura.glickman@usdoj.gov

OF COUNSEL:
Derek Gilliam
Camille Heyboer
Hunter Kendrick
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 304 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

s/ Laura J. Glickman
LAURA J. GLICKMAN

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2024, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

s/ Laura J. Glickman<br>
LAURA J. GLICKMAN