# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 24-60193

_____

TEXAS CHEMISTRY COUNCIL; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; ASBESTOS DISEASE AWARENESS ORGANIZATION; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; OHIO CHEMISTRY TECHNOLOGY COUNCIL,

*Petitioners*,

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*,

CONSOLIDATED WITH

_____

NO. 24-60281
_____

AMERICAN PUBLIC HEALTH ASSOCIATION; COLLEGIUM RAMAZZINI; LOCAL F-116 (VANDENBERG PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; LOCAL F-253 (FORT MYER PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; THE FEELGOOD FOUNDATION; HENRY A. ANDERSON, *Medical Doctor*; BRAD BLACK, *Medical Doctor*; BARRY CASTLEMAN, *DOCTOR* OF SCIENCE; RAJA FLORES, *Medical Doctor*; ARTHUR FRANK, *Medical Doctor,* DOCTOR OF PHILOSOPHY; PHIL LANDRIGAN, *Medical Doctor*, MASTER OF SCIENCE; RICHARD LEMEN, DOCTOR OF PHILOSOPHY, MASTER OF SCIENCE IN PUBLIC HEALTH; STEVEN MARKOWITZ, *Medical Doctor,* DOCTOR OF PUBLIC HEALTH; JACQUELINE MOLINE, *Medical Doctor*, MASTER OF SCIENCE; CELESTE MONFORTON, DOCTOR OF PUBLIC HEALTH, MASTER OF PUBLIC HEALTH;

CHRISTINE OLIVER, *Medical Doctor*, MASTER OF PUBLIC HEALTH, MASTER OF SCIENCE; ANDREA WOLF, *Medical Doctor*, MASTER OF PUBLIC HEALTH,

*Petitioners*,

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, *Administrator, United States Environmental Protection Agency*,

*Respondents*,

CONSOLIDATED WITH

_____

No. 24-60333

_____

OLIN CORPORATION,

*Petitioner*,

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

Petitions for Review of an Order of the
Environmental Protection Agency
Agency No. 40 CFR Part 751
Agency No. 80 Fed. Reg. 21970

_____

**REPLY OF PETITIONERS ASBESTOS DISEASE AWARENESS ORGANIZATION ET AL IN SUPPORT OF THEIR MOTION TO RECONSIDER THE OCTOBER 15, 2024 ORDER GRANTING MOTION OF ALLIANCE FOR AUTOMOTIVE INNOVATION TO FILE AN AMICUS BRIEF**

The Asbestos Disease Awareness Organization ("ADAO") and its 17 co-petitioners file this Reply to the responses of the Environmental Protection Agency ("EPA") and the Alliance for Automotive Innovation ("Alliance") to their motion to reconsider the Court's October 15, 2024 order granting the Alliance's motion to file an amicus brief in these consolidated petitions for review of EPA's Part 1 rule for chrysotile asbestos.

As EPA emphasizes, the Alliance brief raises at least six major issues that the industry petitioners do not address in their opening brief. The Alliance does not dispute that it is making new arguments and industry petitioners apparently agree. While amici may present new insights and legal analysis on issues properly before the court, that is far different from advancing totally new grounds for vacating the Part 1 rule. Although the Alliance and the industry petitioners may share the broad goal of vacating the rule, they challenge different provisions that have different legal and scientific justifications and therefore advocate different paths for overturning the rule. Thus, the Alliance's claims, if upheld, could significantly alter the remedy imposed by the Court on remand and compel EPA to reconsider rule elements that the petitioners do not challenge. To allow an amicus to dictate a different outcome from the one sought by the parties confirms the wisdom of this Court's recognition that "[f]or obvious reasons, new issues, generally, cannot be

raised in an amicus brief." *Anderson v. City of New Orleans*, 38 F.4th 472, 481 (5th Cir. 2022).

EPA urges the Court not to consider the new issues presented by the Alliance. The only way to accomplish that result is to disallow filing of the amicus brief. If the issues presented by the brief are not "relevant to the disposition of the case" (Fed. R. App. P. 29(b)(1), (2)), it fails the basic test that amici must satisfy and must be rejected.

Allowing the brief would only create uncertainty over the range of issues before the Court and leave the ADAO petitioners and EPA with no choice but to respond to the Alliance's new arguments in the next round of briefs. This would inevitably require the Court to enlarge the word limit for these briefs, further complicating a case that is already legally and factually complex and placing additional burdens on the parties and the Court.

The Court should therefore reconsider its order allowing the amicus brief and deny the Alliance's motion to file the brief.[1]

October 18, 2024

---

[1] While ADAO may not have contacted Alliance counsel before filing its motion to reconsider, it deemed it essential to alert the Court to its concerns about allowing the brief as soon as possible and assumed that the Alliance's opposition to the motion was a foregone conclusion.

Respectfully submitted,

/s/Robert M. Sussman
ROBERT M. SUSSMAN
Sussman & Associates
3101 Garfield St. NW
Washington DC 20008
bobsussman1@comcast.net
202-716-0118

Lucas Williams
Lexington Law Group, LLP
503 Divisadero Street
San Francisco, CA 94117
(415) 913-7800
lwillims@lexlawgroup.com

*Attorneys for petitioners Asbestos Disease Awareness Organization. American Public Health Association, Collegium Ramazzini, Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FealGood Foundation; Henry A. Anderson, MD; Brad Black, MD; Barry Castleman, ScD; Raja Flores, MD; Arthur Frank, MD, PhD; Phil Landrigan, MD, MSc; Richard Lemen, PhD, MSPH; Steven Markowitz, MD, DrPH; Jacqueline Moline, MD, MSc; Celeste Monforton, DrPH, MPH; Christine Oliver, MD, MPH, MSc; and Andrea Wolf, MD, MPH.*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that this Reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 453 words, according to the count of Microsoft Word.

/s/ *Robert M. Sussman*
Robert M. Sussman
*Counsel for Petitioners ADAO e*t al

# CERTIFICATE OF SERVICE

I hereby certify that, on October 18, 2024, I electronically filed the foregoing Reply with the Clerk of Court by using the appellate CM/ECF system. All participants who are registered CM/ECF users will be served by the Court's CM/ECF system.

/s/ *Robert M. Sussman*
Robert M. Sussman
*Counsel for Petitioners ADAO et al*