# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CHEMISTRY COUNCIL, *et al*.<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*.<br><br>Respondents. | Nos. 24-60193, 24-60281, 24-60333 (consolidated) |

## MOTION TO HOLD CASE IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold this matter in abeyance for 120 days to allow new Agency leadership to review the underlying rule. Petitioners Olin Corporation and Ohio Chemistry Technology Council do not oppose the relief requested in this motion. Petitioner American Chemistry Council takes no position. Petitioners Asbestos Disease Awareness Organization ("ADAO") and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

Allied Industrial and Service Workers International Union, AFL-CIO ("Steel Workers") oppose the relief requested.

1. This action involves seven petitions for review. Case Nos. 24-60193, 24-60281, 24-60333.

2. These petitions challenge a final rule entitled "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)." *See* 89 Fed. Reg. 21970 (Mar. 28, 2024) (codified at 40 C.F.R. Part 751).

3. Petitioners filed their opening briefs on September 30, 2024. Doc. Nos. 107, 109–110.

4. EPA filed its response brief on January 17, 2025. Doc. Nos. 149, 153.

5. Intervenors' briefs were filed on February 7, 2025. Doc. Nos. 166, 168.

6. Petitioners' reply briefs are due on February 28, 2025.

7. As the Court is aware, a new administration took office on January 20, 2025. On that day, the President issued a number of Executive Orders calling for careful review of agency actions taken in the previous four years.

8. To undertake the review contemplated by the Executive Orders, EPA needs time to brief new administration officials about this case and the underlying rule, to allow them to decide what action, if any, is necessary.

9. To undertake that review in an orderly and deliberate fashion, EPA requests that the court abate proceedings in this matter for 120 days.

10. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

11. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted))).

12. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 48, 39),[2] *Union Carbide v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025) (granting stay requested to allow new leadership to review challenged agency action); Order (Doc. Nos. 142, 133), *Denka Performance Elastomer v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025) (same); Order, (Doc. Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

13. Abeyance also would preserve resources of the parties and the Court. It is possible that after its review, EPA could take action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

---

[2] In this and the following citation, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

14. No party would be prejudiced by the requested abeyance. Petitioners ADAO and Steel Workers oppose an abeyance but face no harm arising from the postponement of judicial review of the Rule, which remains in effect.

15. For these reasons, the Court should place this matter in abeyance for 120 days, with motions to govern due at the end of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

| *Of Counsel:* | s/ Laura J. Glickman |
|---|---|
| DEREK GILLIAM | LAURA J. GLICKMAN |
| CAMILLE HEYBOER | KRISTEN SARNA |
| Office of the General Counsel | Environmental Defense Section |
| U.S. Environmental Protection Agency | Environment and Natural Resources Division |
| Washington, D.C. | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | (202) 514-6390 |
| | laura.glickman@usdoj.gov |

February 11, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 829 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

s/ Laura J. Glickman<br>
LAURA J. GLICKMAN