**No. 24-60193**

---

In The United States Court of Appeals
for the Fifth Circuit

---

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO; Ohio Chemistry Technology Council,

*Petitioners*,

v.

United States Environmental Protection Agency,

*Respondent.*

---

**Consolidated with**

**No. 24-60281**

American Public Health Association; Collegium Ramazzini; Local F-116 (Vanderberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Firefighters; The FeelGood Foundation; Henry A. Anderson, *Medical Doctor*; Brad Black, *Medical Doctor*; Barry Castleman, *Doctor of Science*; Raja Flores, *Medical Doctor*; Arthur Frank, *Medical Doctor, Doctor of Philosophy*; Phil Landrigan, *Medical Doctor, Master of Science*; Richard Lemen, *Doctor of Philosophy, Master of Public Health*; Steven Markowitz, *Medical Doctor, Doctor of Public Health*; Jacqueline Moline, *Medical Doctor, Master of Public Health*; Celeste Monforton, *Doctor of Public Health, Master of Public Health*; Christine Oliver, *Medical Doctor, Master of Public Health, Master of Science*; Andrea Wolf, *Medical Doctor, Master of Public Health*,

*Petitioners*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protectional Agency*;

*Respondents*.

---

**Consolidated with**

**No. 24-60333**

Olin Corporation,

*Petitioner*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents*.

---

**OPPOSITION OF PETITIONER-INTERVENORS ASBESTOS DISEASE AWARENESS ORGANIZATION, ET AL, AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL- CIO, TO THE MOTION OF RESPONDENT ENVIRONMENTAL PROTECTION AGENCY TO HOLD THIS CASE IN ABEYANCE FOR 120 DAYS**

Petitioner-intervenors Asbestos Disease Awareness Organization (ADAO) and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL- CIO (USW) hereby oppose the motion of respondent Environmental Protection Agency (EPA) to hold this case in abeyance for 120 days so the new Administration can review the Part 1 chrysotile asbestos rule and consider whether to change its position on the issues before the Court. ECF 170.

As discussed below, the Court can accommodate EPA's interest in reviewing the Part 1 rule without staying this case. If the parties proceed with the remaining steps in the briefing process and the Court sets an oral argument date for the May-June timeframe, EPA will have sufficient time to reconsider the rule but the progress of this case will not be unnecessarily delayed. Given ongoing compliance obligations imposed by the rule and the importance of determining whether the Toxic Substances Control Act (TSCA) requires changes in its provisions, the public interest strongly favors a definitive ruling by this Court as soon as possible.

The Part 1 chrysotile asbestos rule is based on a June 2020 risk evaluation completed under TSCA during the first Trump administration. The evaluation made determinations of unreasonable risk for all six chrysotile conditions of use (COUs) addressed, triggering EPA's obligation to proceed to risk management

rulemaking to eliminate these risks under section 6(a) of TSCA. After an extensive notice-and-comment process, EPA promulgated the Part 1 rule on March 28, 2024. 89 Fed. Reg. 21,970 (Mar. 28, 2024). The rule's effective date was May 18, 2024.

On the date the rule became effective, it prohibited importation of asbestos for use in chlor-alkali production. Compliance with several other requirements of the rule was required by November 25, 2024. For example, as of that date, importation and processing of oilfield brake blocks, brake linings and other vehicle parts containing chrysotile asbestos were prohibited. In addition, by the same date, chlor-alkali and other COUs that received more time to phase out asbestos use were required to implement interim workplace protections complying with EPA's Existing Chemical Exposure Limit (ECEL)

With compliance with the Part 1 rule ongoing, prompt resolution of the issues raised by this case is of the utmost importance. Although the companies represented by the industry petitioners are presumably proceeding with compliance for now, their challenges to Part 1 would, if accepted, call into question the applicability of the rule and could as a result derail implementation of the protections it provides. Disposition of these challenges by the Court is therefore needed as soon as possible. Conversely, the ADAO and USW petitioners are challenging the rule's failure to go far enough in addressing the

unreasonable risks of chrysotile asbestos and seeking a decision by this Court that would direct EPA to strengthen the rule (such as by extending its coverage to the other five asbestos fibers and all of their foreseeable COUs, accelerating EPA's timetable for ending asbestos use in the chlor-alkali industry and expanding protections against unsafe exposure to asbestos during ongoing use of sheet gaskets and automotive friction parts). If the Court agrees that these gaps in the rule do not pass muster under TSCA, EPA and the other parties to this case would benefit from obtaining the Court's guidance as soon as possible so that rulemaking to strengthen the Part 1 rule and provide additional protections against the hazards of asbestos is not unnecessarily delayed.

The briefing process in this case is far along. Opening and intervenor briefs by petitioners were filed on September 30, 2024 and February 7, 2025. EPA filed its response brief on January 17, 2025 and thus completed its briefing obligations. Under the briefing schedule in this case, the only substantive task that remains is the filing of reply briefs on February 28, 2025; The subsequent tasks of filing the deferred Joint Appendix on March 21, 2025 and final briefs on April 4, 2025 are ministerial. ECF 89, 97-1. These tasks should not be burdensome. Once they have been completed, the Court can set an oral argument date for the May-June timeframe, giving the Trump Administration close to four months to decide whether it wants to begin a new rulemaking

process to modify the Part 1 rule and/or change its legal positions in this case. Without prejudicing EPA or the other parties, this would avoid two months of delay in resolving the issues before the Court and providing critical judicial guidance on the lawfulness of a rule that is now in effect and being implemented.

WHEREFORE, ADAO, its co-petitioners and USW respectfully urge the Court to deny EPA's motion to hold this case in abeyance for 120 days.

Dated: February 13, 2025

Respectfully submitted,

Randy S. Rabinowitz
Victoria L. Bor
Occupational Safety & Health Law Project, LLC
P.O. BOX 3769
Washington, DC 20027
202 256-4080

Nathan Finch .
Motley Rice LLC
401 9th Street NW
Suite 630
Washington, DC 20004
(202) 607-8998

*Attorneys for Petitioner USW*

Robert M. Sussman
Sussman & Associates
3101 Garfield St. NW
Washington, DC 20008
(202) 716-0118

Lucas Williams
Lexington Law Group, LLP

503 Divisadero Street
San Francisco, CA 94117
(415) 913-7800

*Attorneys for Petitioners Attorneys for petitioners Asbestos Disease Awareness Organization. American Public Health Association, Collegium Ramazzini, Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FealGood Foundation. Henry A. Anderson, MD; Brad Black, MD; Barry Castleman, ScD; Raja Flores, MD; Arthur Frank, MD, PhD; Phil Landrigan, MD, MSc; Richard Lemen, PhD, MSPH; Steven Markowitz, MD, DrPH; Jacqueline Moline, MD, MSc; Celeste Monforton, DrPH, MPH; Christine Oliver, MD, MPH, MSc; and Andrea Wolf, MD, MPH*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 758 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/Robert M. Sussman*
Robert M. Sussman

## CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on February 7, 2025. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

                         */s/ Robert M. Sussman*
                         Robert M. Sussman