No. 24-60193

___

In The United States Court of Appeals
for the Fifth Circuit

___

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO; Ohio Chemistry Technology Council,

*Petitioners*,

v.

United States Environmental Protection Agency,

*Respondent.*

___

Consolidated with

No. 24-60281

American Public Health Association; Collegium Ramazzini; Local F-116 (Vanderberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Firefighters; The FeelGood Foundation; Henry A. Anderson, *Medical Doctor*; Brad Black, *Medical Doctor*; Barry Castleman, *Doctor of Science*; Raja Flores, *Medical Doctor*; Arthur Frank, *Medical Doctor, Doctor of Philosophy*; Phil Landrigan, *Medical Doctor, Master of Science*; Richard Lemen, *Doctor of Philosophy, Master of Public Health*; Steven Markowitz, *Medical Doctor, Doctor of Public Health*; Jacqueline Moline, *Medical Doctor,*

*Master of Public Health*; Celeste Monforton, *Doctor of Public Health, Master of Public Health*; Christine Oliver, *Medical Doctor, Master of Public Health, Master of Science*; Andrea Wolf, *Medical Doctor, Master of Public Health*,

*Petitioners,*

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*;

*Respondents.*

_____

**Consolidated with**

No. 24-60333

Olin Corporation,

*Petitioner,*

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents.*

_____

**OPPOSED MOTION OF PETITIONER-INTERVENOR ASBESTOS DISEASE AWARENESS ORGANIZATION TO RECONSIDER THE COURT'S ORDER OF FEBRUARY 14, 2025 HOLDING THIS CASE IN ABEYANCE AND TO SET IT FOR ORAL ARGUMENT AT THE SAME TIME AS NO. 24-60256**

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27(b)-(c) and 40(d)(1) and Fifth Circuit Rule 27.2.1, petitioner-intervenor Asbestos Disease Awareness Organization (ADAO) hereby moves for reconsideration and withdrawal of the February 14, 2025 order (ECF 182) of a single judge holding these consolidated cases in abeyance for 120 days so that the new Administration can review the Part 1 chrysotile asbestos rule before the Court.

ADAO counsel has reached out to counsel for the other parties to ascertain their positions on this motion. Respondents Environmental Protection Agency (EPA) and petitioners Olin Corporation, American Chemistry Council, Texas Chemistry Council, Georgia Chemistry Council and Ohio Chemistry Technology Council indicated that they oppose the motion. Petitioner United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO consents to the motion.

Reconsideration and withdrawal of the February 14 abeyance order is warranted in light of identical action recently taken by this Court in a parallel case presenting virtually the same circumstances -- *East Fork Enterprises v. USEPA*, No. 24-60256. In that case, on February 20, 2025, industry petitioners moved for reconsideration of the Court's February 18 order (ECF 192) granting EPA's motion

for a 120-day abeyance so the new Administration could review its risk management rule for methylene chloride. The Court withdrew the order four days later. ECF 200. EPA's rationale for its abeyance motion in *East Fork* was the same one it has presented here – to enable the new Administration to review the TSCA asbestos rule.

Both *East Fork* and this case involve challenges by industry and non-profit groups to 2024 risk management rules promulgated by EPA under section 6 of the Toxic Substances Control Act (TSCA). Like the asbestos rule at issue in this case, the *East Fork* rule imposes restrictions on the chemical methylene chloride based on a determination of unreasonable risk under section 6(a) of TSCA. Also like the asbestos rule, it prohibits several uses of the regulated substance and prescribes interim workplace controls while these uses are being phased out. And as in the asbestos case, industry is claiming that the methylene chloride rule rests on an overreaching interpretation of key TSCA provisions and is unjustifiably stringent, while ADAO and other petitioners are arguing that the rule is less protective of health than TSCA requires and should be strengthened to comply with the law.

As the *East Fork* petitioners emphasized in their reconsideration motion, agencies are not automatically entitled to abeyances of pending challenges to final rules when a new Administration takes office and seeks to review a rule of the outgoing Administration. Rather, the agency "bears the burden of showing that the

circumstances justify" abeyance, *Nken v. Holder*, 556 U.S. 418, 433–34 (2009), and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255, 257 (1936).

The *East Fork* reconsideration motion emphasized three factors demonstrating that the balance of equities supported proceeding with adjudication of the case on the merits and did not favor holding it in abeyance:

- There is no immediate need for an abeyance because EPA merely wants to review the methylene chloride rule and has made no determination that the rule is legally flawed and should be revised or withdrawn;
- The rule is in effect and imposing immediate ongoing compliance obligations that petitioners have challenged as contrary to TSCA; and
- Both industry and public interest petitioners have raised basic issues about the scope of EPA's authority under TSCA that require judicial resolution under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

These factors apply equally to the Part 1 asbestos case and warrant withdrawing the Court's abeyance order in this case as well.

*East Fork* has been tentatively calendared for oral argument for the first week in June. ECF 225. If the Court grants this motion and withdraws the abeyance in the asbestos case, the two cases should be argued and decided together to conserve judicial resources, provide legal certainty, and assure consistency of decisionmaking. The Court should reset the schedule for briefing in this case so

that it can be completed expeditiously and assign both cases to the same panel and schedule argument in both for the same day.

## BACKGROUND

These consolidated cases seek judicial review of the Part 1 chrysotile asbestos rule promulgated by EPA under TSCA. *Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)*, 89 Fed. Reg. 21970 (Mar. 28, 2024). The rule bans six conditions of use of chrysotile asbestos, one of six asbestos fibers known to cause lung cancer, mesothelioma and other serious diseases.

On February 11, 2025, respondent EPA filed a motion to hold this case in abeyance for 120 days to give the Agency "time to brief new administration officials about this case and the underlying rule, to allow them to decide what action, if any, is necessary." (ECF 170). Although petitioners ADAO and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (USW) opposed the motion (ECF 179), the Court (Stewart J.) granted it on February 14, 2025 (ECF 182).

In *East Fork,* EPA moved for a 120 days abeyance on February 14, 2025, the same day that the Court granted EPA's abeyance motion in the asbestos case. ECF 181. A single judge (Smith, J.) granted the *East Fork* motion on February 18, 2025. ECF 192. Industry petitioners in that case then moved for reconsideration and

lifting of the abeyance order on February 20, 2025. ECF 195. On February 25, 2025, the Court (Smith, J.) withdrew the order and reinstated the briefing schedule in the case with limited adjustments. ECF 200. Briefing has now been completed and the case has been tentatively calendared for oral argument in the first week of June. ECF 225.

## ARGUMENT

### I. The Balance of Equities Warrants Withdrawing the June 14 Abeyance Order

The factors warranting review and withdrawal of the Court's abeyance order in *East Fork* compel the same result here.

#### A. The Abeyance is Not Necessary for the New Administration to Review the Asbestos Rule

The *East Fork* movants argued that EPA had offered "no real justification" for delaying resolution of the case, it did not commit to change its position on the issues before the Court or to initiate a proceeding to revise the rule. Reconsideration Mot. at 4. The only stated purpose of the abeyance – briefing new EPA leadership on the issues in the case and the underlying rule -- did not warrant pausing the case for four months because EPA "can undertake that briefing as things are; nothing in this case stands as an obstacle." *Id.* As the motion pointed out, EPA had already filed its response brief and "[t]here is no upcoming filing by

5

EPA in which it would need to take a position . . . on which it would need its leadership's review." *Id*. at 6.

Similarly, in the Part 1 asbestos case, EPA's only rationale for an abeyance is the need to brief new leadership about the Part 1 chrysotile asbestos rule. It has made no determination that the rule is legally flawed and the Agency must therefore revisit the defense of the rule that it presented in its response brief. Nor has EPA committed to a schedule for further rulemaking to modify the rule or identified specific revisions to the rule it plans to make. As in *East Fork,* accordingly, there is no present conflict between briefing EPA leadership on the rule and proceeding with adjudication of the case. The two can proceed in parallel.

Also as in *East Fork*, the briefing process in this case is virtually complete. Opening and intervenor briefs by petitioners were filed on September 30, 2024 and February 7, 2025. EPA filed its response brief on January 17, 2025 and thus completed its briefing obligations. The only remaining substantive task is the filing of reply briefs, which were originally due on February 28, 2025 but delayed by the Court's abeyance order. While it would also be necessary to file the deferred Joint Appendix and final briefs, these tasks are ministerial and not burdensome. In short, briefing in this case can be completed quickly.

### B. The Asbestos Rule Imposes Immediate Compliance Obligations

The *East Fork* reconsideration motion emphasized that, because the methylene chloride rule became effective on July 8, 2024 and imposed immediate obligations on industry, "[t]he ban on methylene chloride is in force now. . . [and] [t]hese restrictions require current and ongoing compliance." Reconsideration Mot. at 6. As a result, petitioners would be harmed in the absence of "prompt adjudication of their claims that the Methylene Chloride Rule is unlawful."

This is also the case for the asbestos Part 1 rule. EPA promulgated the rule on March 28, 2024 and its effective date was May 18, 2024. 89 Fed. Reg. 21970. On that date, the rule prohibited importation of asbestos for use in chlor-alkali production. 40 C.F.R. §751.505. Compliance with several other requirements of the rule was required by November 25, 2024. For example, as of that date, importation and processing of oilfield brake blocks, brake linings and other vehicle parts containing chrysotile asbestos were prohibited. 40 C.F.R. §751.509(b)(2), (d). In addition, by that date, chlor-alkali and other industries that the rule allowed to continue using asbestos were required to implement workplace protections complying with EPA's Existing Chemical Exposure Limit be (ECEL). 40 C.F.R. §751.511. Thus, delaying an adjudication of this case would create unnecessary uncertainty about the currently effective compliance obligations imposed by the rule.

### C. Both the *East Fork* and Asbestos Cases Raise Fundamental Issues of Statutory Interpretation Requiring Judicial Resolution

As noted in the *East Fork* reconsideration motion at 7-8, a recent D.C. Circuit order in *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union v. EPA*, No. 24-1151, denied EPA's motion to postpone a previously scheduled oral argument and hold in abeyance challenges to EPA's risk evaluation framework rule under TSCA while the Agency undertook revisions to the rule.[1] Order, Doc. #2100857, No. 24-1151 (D.C. Cir. Feb. 14, 2025). Petitioners opposing the abeyance emphasized – as did the reconsideration motion in *East Fork* – that the case presented questions of statutory interpretation that warranted judicial resolution under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and that further agency consideration of the TSCA rule would postpone, but not eliminate, the need for a judicial ruling. Motion, Doc. 2098875, No. 24-1151 (D.C. Cir. Feb. 5, 2025).[2]

---

[1] The rule under review establishes a broad framework for conducting risk evaluations under section 6(b) of TSCA, which then form the basis for risk management rules under section 6(a). 89 Fed. Reg. 37028 (May 3, 2024). In both the asbestos and methylene chloride cases, petitioners are challenging many of the elements of the risk evaluations for these substances that are embodied in the framework rule and therefore are at issue in the D.C. Circuit case. On March 21, the D.C. Circuit held oral argument and examined both EPA's renewed motion to remand the rule and hold the case in abeyance and the merits of the various challenges to the framework rule under TSCA. The case is under advisement.

[2] In another recent case, *State of Utah v. USEPA*, No. 23-1157, the D.C. Circuit considered a Trump EPA motion for a 60 day abeyance of consolidated cases

This is also the case for the asbestos and methylene chloride risk management rules. The two rules raise basic questions about EPA's authority to make determinations of unreasonable risk for chemicals under TSCA section 6(b) and to restrict chemicals presenting such risks under section 6(a) and 6(c). For both rules, the industry petitioners argue that EPA has exceeded its TSCA authority by misapplying the critical "unreasonable risk" standard in the law; imposing prohibitions on importation, manufacture, prohibition and use which go beyond what is "necessary" to eliminate the unreasonable risk; failing to account for the use of personal protective equipment (PPE) in determining unreasonable risks to workers; and failing to refer workplace risks to the Occupational Safety and Health Administration (OSHA) as required by TSCA section 9(a). *East Fork,* ECF 204; *Asbestos*, ECF 109.

Conversely, the union and public interest petitioners in both cases are challenging the rule's failure to exercise its full authority under TSCA to protect

---

seeking review of aspects of EPA's Good Neighbor Rule, a Clean Air Act regulation which restricted interstate ozone pollution. As it has here, EPA argued that a pause in these cases was needed so that its new leadership had time to review the Rule. However, a group of state intervenors opposed the motion because it could delay a time-sensitive oral argument and severely prejudice state air quality programs by postponing the Rule's protections from harmful interstate pollution during the impending ozone season. State Intervenors' Opposition, Doc. No. #2100268, pp. 2-4, No. 23-1157 (D.C Cir. Feb. 12, 2025). On February 21, 2025, the Court issued an order denying the abeyance. Order, Doc. #2102088, No. 23-1157 (D.C. Cir. Feb. 21, 2025).

9

against unreasonable risks. *East Fork*, ECF 204; *Asbestos*, ECF 107. For example, ADAO and its co-petitioners are seeking a decision by this Court that would direct EPA to strengthen the rule, such as by extending its coverage to the other five asbestos fibers and all of their foreseeable COUs, accelerating EPA's timetable for ending asbestos use in the chlor-alkali industry, and expanding protections against unsafe exposure to asbestos during ongoing use of sheet gaskets and automotive friction parts. If the Court agrees that these gaps in the rule are contrary to TSCA, EPA and the other parties to this case would benefit from obtaining the Court's guidance as soon as possible so that rulemaking to strengthen the Part 1 rule and provide additional protections against the hazards of asbestos is not unnecessarily delayed.

II. **Because They Raise Overlapping Legal Issues about EPA's Authority under TSCA, the Asbestos and Methylene Chloride Cases Should be Argued and Decided At the Same Time**

Since these two cases raise overlapping legal issues about the scope of EPA's authority under TSCA which require judicial resolution under *Loper*, it would be illogical and counter-productive for the methylene chloride case to move ahead to oral argument and a decision by this Court but for the asbestos case to be held in abeyance while EPA reconsiders its Part 1 rule. If the Court were to decide the methylene chloride case rule alone, its decision would raise unanswered questions about the legal status of the Part 1 asbestos rule and leave the rule in

limbo for an indefinite period. This would create uncertainties about the path forward for the litigants and EPA in the asbestos case and the statutory basis for implementing the Part 1 rule's requirements. After the passage of several months, it might be necessary to reinitiate briefing in the asbestos case and schedule it for oral argument in order to address open questions from the Court's East Fork ruling. In addition to substantial delay, this would require an avoidable investment of additional time and effort by the Court and litigants.

It would better serve judicial economy, legal certainty and consistency of decisionmaking to hear argument in and decide the two cases at the same time. Thus, ADAO recommends that the Court withdraw the abeyance order in the asbestos case, direct the parties to expeditiously complete briefing, assign the cases to the same panel, and schedule argument in each for the same day.

## CONCLUSION

The Court's February 14, 2024 order holding these consolidated cases in abeyance for 120 days should be reconsidered and withdrawn.

Respectfully submitted,

*/s/Robert M. Sussman*
Robert M. Sussman
Sussman & Associates
3101 Garfield St. NW
Washington, DC 20008
(202) 716-0118

Lucas Williams
Lexington Law Group, LLP
503 Divisadero Street
San Francisco, CA 94117
(415) 913-7800

*Attorneys for Petitioners Asbestos Disease Awareness Organization. American Public Health Association, Collegium Ramazzini, Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FealGood Foundation. Henry A. Anderson, MD; Brad Black, MD; Barry Castleman, ScD; Raja Flores, MD; Arthur Frank, MD, PhD; Phil Landrigan, MD, MSc; Richard Lemen, PhD, MSPH; Steven Markowitz, MD, DrPH; Jacqueline Moline, MD, MSc; Celeste Monforton, DrPH, MPH; Christine Oliver, MD, MPH, MSc; and Andrea Wolf, MD, MPH*

March 27, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2624 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

                                            */s/Robert M. Sussman*
                                            Robert M. Sussman

# CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on March February 27, 2025. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

        */s/ Robert M. Sussman*
        Robert M. Sussman