UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFLCIO; Ohio Chemistry Technology Council,
*Petitioners*,

v.

United States Environmental Protection Agency,
*Respondent*.

Consolidated with No. 24-60281

American Public Health Association; Collegium Ramazzini; Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FeelGood Foundation; Henry A. Anderson, Medical Doctor; Brad Black, Medical Doctor; Barry Castleman, Doctor of Science; Raja Flores, Medical Doctor; Arthur Frank, Medical Doctor, Doctor of Philosophy; Phil Landrigan, Medical Doctor, Master of Science; Richard Lemen, Doctor of Philosophy, Master of Public Health; Steven Markowitz, Medical Doctor, Doctor of Public Health; Jacqueline Moline, Medical Doctor, Master of Science; Celeste Monforton, Doctor of Public Health, Master of Public Health; Christine Oliver, Medical Doctor, Master of Public Health, Master of Science; Andrea Wolf, Medical Doctor, Master of Public Health,
*Petitioners*,

v.

United States Environmental Protection Agency; James Payne, Acting
Administrator, United States Environmental Protection Agency,
*Respondents*.

Consolidated with No. 24-60333

Olin Corporation
*Petitioner*,

v.

United States Environmental Protection Agency; James Payne, Acting
Administrator, United States Environmental Protection Agency,
*Respondents*.

**OPPOSITION TO PETITIONER-INTERVENOR ASBESTOS DISEASE AWARENESS ORGANIZATION'S MOTION TO RECONSIDER THE COURT'S ORDER HOLDING THIS CASE IN ABEYANCE**

|  |  |
|---|---|
|  | ADAM R.F. GUSTAFSON |
| Of Counsel: | *Acting Assistant Attorney General* |
|  |  |
| DEREK GILLIAM | LAURA J. GLICKMAN |
| CAMILLE HEYBOER | KRISTEN SARNA |
| Office of the General Counsel | *Attorneys* |
| U.S. Environmental Protection Agency | Environment and Natural Resources Division |
| Washington, D.C. | U.S. Department of Justice |
|  | Post Office Box 7611 |
|  | Washington, D.C. 20044 |
|  |  |
|  | April 3, 2025 |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................iv

INTRODUCTION ......................................................................................................1

BACKGROUND ........................................................................................................2

ARGUMENT ..............................................................................................................3

I.    An Abeyance Is Appropriate to Allow EPA Time to Brief New Leadership..................................................................................................3

II.    The Petitions for Review Primarily Present Record Review Questions that Do Not Require Immediate Judicial Resolution. .....................6

III.    Judicial Economy Supports Maintaining the Abeyance.................................9

CONCLUSION .........................................................................................................10

CERTIFICATE OF COMPLIANCE ......................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Clean Water Action v. EPA*,
    936 F.3d 308 (5th Cir. 2019) ..................................................................3

*Loper Bright Enters. v. Raimondo*,
    603 U.S. 369 (2024) ..............................................................................7

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29 (1983) ................................................................................3

*Nat'l Ass'n of Home Builders v. EPA*,
    682 F.3d 1032 (D.C. Cir. 2012) .............................................................3

**Rules**

Fed. R. App. P. 40(a)(2) ................................................................................4

D.C. Cir. Rule 34(g) .....................................................................................9

**Statutes**

15 U.S.C. § 2618(c)(1)(B)(i)(I) ....................................................................7

**Federal Register**

89 Fed. Reg. 21970 (Mar. 28, 2024) ............................................................1

89 Fed. Reg. 37028 (May 3, 2024) ..............................................................8

# INTRODUCTION

The Court should deny Petitioner-Intervenor Asbestos Disease Awareness Organization's ("ADAO") request to lift the abeyance entered in this case and to schedule oral argument for early June.

As this Court previously recognized by granting EPA's motion for an abeyance, an abeyance is appropriate to allow EPA time to brief new leadership on the rule at issue in this case and to determine whether revision is necessary. Orderly and deliberative briefing and decision making takes time, particularly here, where there are large volumes of underlying scientific literature, complex scientific findings, and cross-cutting impacts on many sectors. And, because the arguments petitioners raised in the merits briefing are primarily record-based, should the new Administration revise this rule, the issues for review by the Court may be narrowed or eliminated entirely.

Apparently inspired by the withdrawal of an abeyance order in a different case, ADAO asks the Court to do so here too. But ADAO's motion ignores critical differences between the two cases, including that regulated parties have not asserted that they are harmed by permitting EPA time to reconsider the rule. Accordingly, the Court should deny ADAO's motion.

## BACKGROUND

This case involves seven petitions for review of EPA's final risk management rule addressing the unreasonable risk of injury to health presented by chrysotile asbestos, *Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)*, 89 Fed. Reg. 21970 (Mar. 28, 2024) (the "Asbestos Rule"). Case Nos. 24-60193, 24-60281, 24-60333.

Petitioners filed their opening briefs on September 30, 2024. ECF Nos. 107, 109–10. EPA filed its response brief on January 17, 2025. ECF Nos. 149, 153. Intervenors filed their briefs on February 7, 2025. ECF Nos. 166, 168. Petitioners' reply briefs were originally due on February 28, 2025, but have not yet been filed consistent with the Court's abeyance order. ECF Nos. 89, 97-1.

On February 11, 2025, EPA filed a motion to hold this matter in abeyance for 120 days to allow new Agency leadership to review the underlying rule. ECF No. 170. Petitioner-Intervenors United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL- CIO ("Steel Workers") and ADAO opposed the abeyance motion. ECF No. 179. Petitioners Olin Corporation and Ohio Chemistry Technology Council did not oppose EPA's motion and American Chemistry Council took no position. ECF No. 170 at 1.

On February 14, 2025, this Court granted EPA's motion for an abeyance over ADAO's opposition. ECF No. 182-1. ADAO now seeks reconsideration of the order granting the abeyance and requests that this Court set this matter for oral argument at the beginning of June. ECF No. 183.

**ARGUMENT**

**I.     An Abeyance Is Appropriate to Allow EPA Time to Brief New Leadership.**

As EPA explained in its motion for an abeyance (ECF No. 170), courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances.") (citation omitted); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)). By granting EPA's motion for an abeyance in this case (ECF No. 182-1), this Court recognized

that it was appropriate to grant EPA time to review the Asbestos Rule and determine if revision is necessary.[1]

Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order (Doc. Nos. 48, 39), *Union Carbide v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025) (granting stay requested to allow new leadership to review challenged agency action); Order (Doc. Nos. 142, 133), *Denka Performance Elastomer v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025) (same); Order (Doc. Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

As ADAO would agree, the Asbestos Rule is a significant rule. After a change in administration, new leadership must be briefed on matters in litigation, including agency rules. The briefing allows the new administration to evaluate and decide whether those rules comport with its policies. Orderly and deliberative

---

[1] ADAO moves for reconsideration pursuant to Federal Rule of Appellate Procedure 40 and Fifth Circuit Rule 27. Federal Rule of Appellate Procedure 40(a)(2) provides that the motion "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." ADAO's motion for reconsideration does not point to errors in fact or law relied on in the previous decision, but rather seeks to relitigate the abeyance by raising issues that ADAO could have but failed to argue in response to EPA's motion for an abeyance. ECF No. 179 (ADAO's opposition to EPA's motion to hold this case in an abeyance).

briefing takes time, particularly in the Toxic Substances Control Act context, where policy decisions involve large volumes of underlying scientific literature, complex scientific findings, and cross-cutting impacts on many sectors.

EPA's new leadership needs time to be briefed on the Asbestos Rule, and underlying risk evaluation, to thoughtfully decide next steps in litigation. The Asbestos Rule and asbestos risk evaluation were developed over more than seven years and are both highly technical Agency actions. Thus, although ADAO argues that EPA can brief its leadership while proceeding with adjudication of the case, ADAO Mot. at 6, ADAO's request does not account for the many interconnected technical and policy decisions that the Agency's new leadership is currently grappling with.

At the same time, ADAO requests an expedited briefing schedule to permit this case to be argued in just two months with another case regulating an entirely different chemical substance. *Id.* at 11. ADAO's plan does not allow EPA sufficient time to brief new leadership and to determine what, if any, action is necessary, and would require EPA to divert agency resources from determining its administrative approach to preparing for oral argument.

ADAO argues that the purported harm that the Asbestos Rule's near-term compliance obligations impose on industry support lifting the abeyance. But Industry Petitioners themselves have not sought relief from those obligations and

have not asserted any harm from EPA's abeyance request. Indeed, unlike in *East Fork Enterprises v. EPA*, No. 24-60256 (5th Cir.), where industry sought to lift the abeyance, Industry Petitioners here *support* leaving the abeyance in place here. ADAO Mot. at 1. Thus, the purported "unnecessary uncertainty" that ADAO complains about on Industry Petitioners' behalf is an artificial problem that does not require immediate judicial resolution.

As this Court previously recognized through granting EPA's motion for an abeyance, an abeyance is appropriate in this matter. If the new Administration determines changes to the Asbestos Rule are warranted, that abeyance saves the parties and the Court from expending substantial resources on potentially unnecessary litigation. And if EPA determines no changes are warranted, these petitions can proceed expeditiously thereafter. The Court should decline to reconsider the abeyance.

## II. The Petitions for Review Primarily Present Record Review Questions that Do Not Require Immediate Judicial Resolution.

The instant petitions for review primarily raise questions of the sufficiency of the scientific record supporting EPA's decision. The scientific and policy determinations at the heart of this case are squarely within EPA's authority to address and revise as the record warrants. Permitting EPA to reconsider the Asbestos Rule ultimately may narrow the issues for review or eliminate them entirely.

The primary issues in this case do not, contrary to ADAO's representation (ADAO Mot. at 8–10), overlap with industry's challenge to EPA's risk evaluation and risk management rule for methylene chloride at issue in *East Fork*.[2] Indeed, Steel Workers and ADAO raise a variety of arguments about the Asbestos Rule's interim worker protections and compliance deadlines and the underlying risk evaluation's scope that are record based and do not implicate questions of pure statutory interpretation that warrant judicial resolution under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) without further agency action. *See* ADAO Br. at 11–40; Steel Workers Br. at 26–34. Industry Petitioners,[3] too, primarily raise record-based arguments, including that EPA's risk evaluation and decision to ban asbestos were not based on substantial evidence in the rulemaking record. Indus. Br. at 43–54, 62–68; *see also* 15 U.S.C. § 2618(c)(1)(B)(i)(I) (setting "substantial evidence" standard). ADAO attempts (ADAO Mot. at 9) to recast these arguments as ones of statutory interpretation, but Industry Petitioners' brief make clear that they challenge the rulemaking record.

---

[2] ADAO cites heavily to the *East Fork* motion for reconsideration and attempts to draw similarities with that case, but the Court did not explain its rationale for withdrawing the order granting an abeyance. ECF No. 211, No. 24-60256 (5th Cir.). Therefore, the *East Fork* motion for reconsideration is not a legal authority.
[3] Industry Petitioners are Olin Corporation, American Chemistry Council, Texas Chemistry Council, Georgia Chemistry Council, and Ohio Chemistry Technology Council.

Industry Petitioners raise *just two* questions of statutory interpretation which are also at issue in *East Fork*: (1) whether section 2608(a)(1) required EPA to refer its findings to another federal agency, and (2) the meaning of section 2605(a)'s requirement to regulate "to the extent necessary so that the chemical substance or mixture no longer presents [unreasonable risk]."[4] *See* ECF No. 224 at 39, 56–60, *East Fork Enters. v. EPA*, No. 24-60256 (5th Cir.).

ADAO contends that the statutory interpretation arguments raised by Industry Petitioners require judicial resolution now, pointing to similar arguments made in opposition to EPA's remand request in cases challenging its risk evaluation framework regulations, *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union v. EPA*, No. 24-1151 (D.C. Cir.). ADAO Mot. at 8. But the nature of the risk evaluation framework regulations at issue in the D.C. Circuit petitions is completely different from the Asbestos Rule. The risk evaluation framework regulations establish the procedure for conducting risk evaluations under the Toxic Substances Control Act and do not involve the type of complex scientific and technical analyses performed in the asbestos risk evaluation and the Asbestos Rule. *See* 89 Fed. Reg. 37028 (May 3, 2024). Accordingly, petitions for review of the

---

[4] Olin Corporation also argues that section 2605(d)(2) is unconstitutional and that substantial evidence does not support the compliance deadlines set for the chlor-alkali industry. Industry Br. at 70–74. *East Fork* petitioners do not make similar arguments.

risk evaluation framework regulations almost exclusively raised questions of statutory interpretation in contrast to the primarily record-based arguments raised here. *See generally* Pet'rs Brs., Dkt. Nos. 2079317, 2079425, No. 24-1151 (D.C. Cir.). Thus, the D.C. Circuit's decision to move forward with oral argument for the petitions challenging the risk evaluation framework regulations is not instructive here.[5]

Because the instant petitions for review primarily raise questions of the sufficiency of the record supporting EPA's decision, the Court should continue to permit EPA to reconsider the Asbestos Rule and maintain the current abeyance.

### III. Judicial Economy Supports Maintaining the Abeyance.

Judicial economy supports denying ADAO's motion for reconsideration and maintaining the abeyance. The balance of equities weighs in favor of allowing new agency leadership to carefully review the Asbestos Rule and to determine whether and what administrative action may be appropriate. Expediting this case to schedule argument in just two months will prevent EPA from briefing its

---

[5] There is also a notable procedural difference between this case and *United Steel*. In *United Steel*, the court set the case for oral argument before EPA moved for an abeyance. ECF Nos. 2095902 (order setting oral argument), 2098875 (EPA's motion to hold the case in an abeyance), No. 24-1151 (D.C. Cir.). Pursuant to D.C. Circuit Rule 34(g), "extraordinary cause" is required to continue an oral argument. Here, however, no oral argument has been set, and this Court has already granted EPA's motion for an abeyance. Therefore, unlike in *United Steel* where EPA had the burden to demonstrate extraordinary cause, the burden is now on ADAO to demonstrate that the Court erred by granting EPA's motion for an abeyance.

leadership and fully considering the most appropriate course of action. Additionally, should EPA revise the Asbestos Rule, judicial resources will have been wasted by prematurely deciding this case. Rather, the Court should permit EPA to determine whether to revise the Asbestos Rule, which may narrow the issues for review or eliminate them entirely. And if the Court decides any statutory issues in *East Fork* that implicate the Asbestos Rule, EPA could seek a remand of the rule to address them.

## CONCLUSION

For the foregoing reasons, this Court should deny ADAO's motion for reconsideration and keep this matter in an abeyance.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

/s/ *Kristen Sarna*
LAURA J. GLICKMAN
KRISTEN SARNA
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0375
Kristen.Sarna@usdoj.gov

Of Counsel:

DEREK GILLIAM
CAMILLE HEYBOER
U.S. Environmental Protection Agency

April 3, 2025

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 2,211 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                        /s/ *Kristen Sarna*
                                        KRISTEN SARNA

                                        Counsel for Respondents