No. 24-60193

# In the United States Court of Appeals for the Fifth Circuit

TEXAS CHEMISTRY COUNCIL; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; ASBESTOS DISEASE AWARENESS ORGANIZATION; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFLCIO; OHIO CHEMISTRY TECHNOLOGY COUNCIL,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent

Consolidated with No. 24-60281

AMERICAN PUBLIC HEALTH ASSOCIATION; COLLEGIUM RAMAZZINI; LOCAL F-116 (VANDENBERG PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; LOCAL F-253 (FORT MYER PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; THE FEELGOOD FOUNDATION; HENRY A. ANDERSON, MEDICAL DOCTOR; BRAD BLACK, MEDICAL DOCTOR; BARRY CASTLEMAN, DOCTOR OF SCIENCE; RAJA FLORES, MEDICAL DOCTOR; ARTHUR FRANK, MEDICAL DOCTOR, DOCTOR OF PHILOSOPHY; PHIL LANDRIGAN, MEDICAL DOCTOR, MASTER OF SCIENCE; RICHARD LEMEN, DOCTOR OF PHILOSOPHY, MASTER OF PUBLIC HEALTH; STEVEN MARKOWITZ, MEDICAL DOCTOR, DOCTOR OF PUBLIC HEALTH; JACQUELINE MOLINE, MEDICAL DOCTOR, MASTER OF SCIENCE; CELESTE MONFORTON, DOCTOR OF PUBLIC HEALTH, MASTER OF PUBLIC HEALTH; CHRISTINE OLIVER, MEDICAL

DOCTOR, MASTER OF PUBLIC HEALTH, MASTER OF SCIENCE;
ANDREA WOLF, MEDICAL DOCTOR, MASTER OF PUBLIC HEALTH,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JAMES PAYNE, ACTING ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondents

Consolidated with No. 24-60333

OLIN CORPORATION,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JAMES PAYNE, ACTING ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondents

On Petitions for Review of Final Agency Action of the United States
Environmental Protection Agency
89 Fed. Reg. 21,970 (Mar. 28, 2024)

**OPPOSITION OF INDUSTRY PETITIONER OLIN CORPORATION TO MOTION OF PETITIONER-INTERVENOR ASBESTOS DISEASE AWARENESS ORGANIZATION TO RECONSIDER ORDER HOLDING THIS CASE IN ABEYANCE AND TO SET IT FOR ORAL ARGUMENT AT THE SAME TIME AS NO. 24-60256**

On February 11, 2025, Respondent Environmental Protection Agency (EPA) moved to hold this case in abeyance for 120 days to give EPA time to brief new administration officials about this case and the underlying rule[1] and to allow them to decide what action, if any, to take. ECF No. 170 at 2. This Court granted that motion on February 14, 2025, and held the case in abeyance for 120 days. ECF No. 182. Less than 60 days later, Petitioner-Intervenor Asbestos Disease Awareness Organization (ADAO) seeks to cut short the administration's review and require expeditious briefing, oral argument, and decision of this case. In addition, ADAO asks this Court to assign this case to the same panel and schedule oral argument for the same day as *East Fork Enterprises v. USEPA*, No. 24-60256, a challenge to EPA's separate rule for methylene chloride. For the reasons that follow, both requests should be rejected.

This Court should reject ADAO's request to reconsider and withdraw the February 14, 2025. Courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022). The same principle applies here. If EPA withdraws or revises the Rule, a decision from this Court would be unnecessary. Accordingly, it makes sense for this Court to continue to hold this

---

[1] "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 21970 (Mar. 28, 2024) ("Rule").

1

case in abeyance to conserve party and judicial resources while EPA decides what if any action it will take on the rule.

ADAO contends that an abeyance is not necessary because EPA can brief the new administration officials while adjudication continues, but such an approach would waste judicial and party resources in the event that EPA takes action that makes judicial resolution unnecessary. And contrary to ADAO's suggestion, any waste of judicial and party resources would not be de minimis. ECF No. 183 at 6. Industry Petitioners must still file their reply brief and the deferred Joint Appendix, and all parties must file final briefs and prepare for and participate in oral argument. What is more, this Court would need to expend significant resources deciding this case and writing an opinion. These are not small tasks, and all of these efforts would be wasted if EPA revisits the Rule.

As additional support, ADAO points to this Court's decision in *East Fork Enterprises v. USEPA*, No. 24-60256 to withdraw its order holding that case in abeyance. But that decision has no bearing on this case. As ADAO recognizes, the decision of whether to hold a case in abeyance depends upon the individual "circumstances" of the case. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). And *East Fork* is different from this case in one fundamental respect. In that case, the industry petitioners, those who must comply with the rule and therefore would be harmed by the abeyance, asked for the abeyance to be lifted. Here, in contrast, ADAO and Steel

Workers oppose an abeyance, but they face no harm from postponement of judicial review since the Rule remains in effect.

ADAO also argues that this case raises fundamental issues of statutory interpretation that warrant review under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and that reconsideration of the Rule would delay but not eliminate the need for a judicial ruling on these issues. ECF No. 183 at 8. But *Loper Bright* does not require courts to decide abstract questions of law, which, as noted above, may be the result of EPA's review of the rule. Indeed, doing so would violate the well-established prohibition on issuing advisory opinions. *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 323 (5th Cir. 2024) (a court "cannot render an advisory opinion on hypothetical or abstract facts"); *see also Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970) (same).

This Court also should reject ADAO's suggestion to assign this case and *East Fork* to the same panel and schedule oral argument in the cases for the same day. For starters, as already explained, this case and *East Fork* are differently situated with respect to abeyance. But even if this Court determines to lift the abeyance here, those same reasons cut against expediting this case to be heard at the same time as *East Fork*. Again, unlike in *East Fork*, the parties that must comply with the Rule are not asking to hurry up.

Moreover, it would not create legal uncertainties if challenges to the methylene chloride rule proceed to a decision while this case remains held in abeyance. It is not yet known how this Court will decide the methylene chloride case; the Court may well decide that case on grounds that have no effect on this case. For example, if the Court ruled that the methylene chloride rule was arbitrary and lacked substantial evidence on the record in that case, it would have no bearing on this case. Once the methylene chloride decision has been issued, this Court can decide if that decision may affect this case and order supplemental briefing if appropriate. There is no reason that the cases must proceed on the same timeline, particularly where the equities in each case point in opposite directions.

For the foregoing reasons, this Court should deny the motion for reconsideration and to merge this case with *East Fork Enterprises v. USEPA*, No. 24-60256.

Dated: April 4, 2025                                  Respectfully submitted,


                                                          s/Elbert Lin
                                                        Elbert Lin
                                                        *Counsel of Record*
                                                        Hunton Andrews Kurth LLP
                                                        951 East Byrd Street, East Tower
                                                        Richmond, VA 23219
                                                        (804) 788-8200
                                                        elin@HuntonAK.com

Matthew Z. Leopold
Erica N. Peterson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500
mleopold@HuntonAK.com
epeterson@HuntonAK.com

Nicholas D. Stellakis
Hunton Andrews Kurth LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800
nstellakis@HuntonAK.com

*Counsel for Petitioner Olin Corporation*

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 927 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

s/ Elbert Lin<br>
Elbert Lin