No. 24-60193
_____

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

TEXAS CHEMISTRY COUNCIL; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; ASBESTOS DISEASE AWARENESS ORGANIZATION; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; OHIO CHEMISTRY TECHNOLOGY COUNCIL,

*Petitioners*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*.

_____

Consolidated with No. 24-60281
_____

AMERICAN PUBLIC HEALTH ASSOCIATION; COLLEGIUM RAMAZZINI; LOCAL F-116 (VANDENBERG PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; LOCAL F-253 (FORT MYER PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; THE FEELGOOD FOUNDATION; HENRY A. ANDERSON, MEDICAL DOCTOR; BRAD BLACK, MEDICAL DOCTOR; BARRY CASTLEMAN, DOCTOR OF SCIENCE; RAJA FLORES, MEDICAL DOCTOR; ARTHUR FRANK, MEDICAL DOCTOR, DOCTOR OF PHILOSOPHY; PHIL LANDRIGAN, MEDICAL DOCTOR, MASTER OF SCIENCE; RICHARD LEMEN, DOCTOR OF PHILOSOPHY, MASTER OF PUBLIC HEALTH; STEVEN MARKOWITZ, MEDICAL DOCTOR, DOCTOR OF PUBLIC HEALTH; JACQUELINE MOLINE, MEDICAL DOCTOR, MASTER OF SCIENCE; CELESTE MONFORTON, DOCTOR OF PUBLIC HEALTH, MASTER OF PUBLIC HEALTH; CHRISTINE OLIVER, MEDICAL

DOCTOR, MASTER OF PUBLIC HEALTH, MASTER OF SCIENCE;
ANDREA WOLF, MEDICAL DOCTOR, MASTER OF PUBLIC HEALTH,

*Petitioners*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, *Administrator, United States Environmental Protection Agency*,

*Respondents*,

_____

Consolidated with No. 24-60333
_____

OLIN CORPORATION,

*Petitioner*,

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, *Administrator, United States Environmental Protection Agency*,

*Respondents*.

_____

On Petitions for Review of an Order of the
Environmental Protection Agency
40 CFR Part 751
89 Fed. Reg. 21970

**OPPOSITION OF PETITIONERS AMERICAN CHEMISTRY COUNCIL, TEXAS CHEMISTRY COUNCIL, GEORGIA CHEMISTRY COUNCIL AND OHIO CHEMISTRY TECHNOLOGY COUNCIL TO MOTION OF PETITIONER-INTERVENOR ASBESTOS DISEASE AWARENESS ORGANIZATION TO SET CASE FOR ORAL ARGUMENT AT THE SAME TIME AS NO. 24-60256**

_____

This case involves consolidated petitions to review a risk management rule promulgated by the Environmental Protection Agency ("EPA") under the Toxic Substances Control Act ("TSCA") for chrysotile asbestos (the "Asbestos Rule"). These consolidated cases are currently held in abeyance, *see* ECF No. 182, but Petitioner-Intervenor Asbestos Disease Awareness Organization ("ADAO") asks this Court to reconsider and withdraw its abeyance order *and* to consolidate this case with an unrelated case—*East Fork Enterprise v. EPA*, No. 24-60256—for purposes of oral argument and resolution. This Court should deny ADAO's motion for reconsideration and withdrawal for the reasons set forth in EPA's Opposition (ECF No. 189) and Olin Corporation's Opposition (ECF No. 191). Petitioners Texas Chemistry Council, American Chemistry Council, Georgia Chemistry Council, and Ohio Chemistry Technology Council (together, "Chemistry Councils") write separately to briefly underscore that consolidation of this case with *East Fork* for purposes of oral argument and resolution is improper.

## BACKGROUND

EPA published the Asbestos Rule on March 28, 2024. *See* 89 Fed. Reg. 21970 (Mar. 28, 2024) (codified at 40 C.F.R. Part 751). Numerous parties petitioned for review of the Asbestos Rule in three different circuit courts of appeal. *See* ECF No. 9. On May 7, 2024, pursuant to 28 U.S.C. § 2112(a)(3), the United States Judicial Panel on Multidistrict Litigation randomly selected the Fifth Circuit in which to

1

consolidate the petitions for review. *Id.* A few months later, this Court granted the parties' proposal to adopt a lengthy briefing schedule that spanned from September 30, 2024 (filing of opening briefs) to April 4, 2025 (filing of final briefs). *See* ECF 89, at 3.

Prior to the filing of any reply briefs, EPA moved to hold the consolidated cases in abeyance on February 11, 2025. *See* ECF No. 170. EPA argued that it needed time to review the Asbestos Rule in accordance with newly issued Executive Orders directing new agency leadership to immediately conduct a review of agency actions taken within the past four years. *See id.* at 2-3. EPA stated that its pending review could potentially lead to action with respect to the Asbestos Rule that may obviate the need for a judicial resolution. *Id.* at 4. EPA thus requested an abeyance to preserve the Court's resources and because the parties would not be prejudiced by the Rule remaining in effect. *Id.* at 5.

On February 14, 2025, the Court granted EPA's motion to stay proceedings in this case for 120 days. *See* ECF No. 182. ADAO then filed the instant Motion requesting that the Court "withdraw the abeyance order in the asbestos case, direct the parties to expeditiously complete briefing, assign the cases to the same panel, and schedule argument in each for the same day." *See* ECF. No. 183.

**ARGUMENT**

This Court should reject ADAO's request to consolidate this case with *East Fork* for oral argument and to decide the two cases together. Few courts of appeals have addressed when consolidation is appropriate, and ADAO cites no authority to support its unusual request. Despite the "dearth of guidance about the effects of consolidation in the federal appeals court[s], consolidation in the federal district court is analogous and relevant." *United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992). ADAO's motion to combine this case with *East Fork* for purposes of oral argument and decision should thus be weighed using the same factors that guide a district court's discretion to consolidate cases. *See Id.*

This Court has explained that "[c]onsolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp, Inc.*, 886 F.2d 758, 761-62 (5th Cir. 1989). Conversely, this Court has emphasized that "consolidation would be improper" where "the cases [a]re at different stages of preparedness," such that consolidation would cause "delay to the instant action." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983). And, in reversing a district court's consolidation order, this Court has instructed that any court considering consolidation must "make sure that the rights of the parties are not prejudiced by the

order of consolidation under the facts and circumstances of the particular case. Where prejudice to rights of the parties obviously results from the order of consolidation, the action … has been held reversible error." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

Weighing these factors, ADAO's request to consolidate this case with *East Fork* for oral argument and decision is unfounded for several reasons.

*First*, this case shares no common questions of fact with *East Fork*. The rules at issue in each of these cases address distinct chemical substances that have different hazard and risk profiles and that are used in different ways at different types of facilities. For each substance, EPA issued separate risk evaluations and risk determinations, and the administrative records in each of these cases span thousands of pages containing unique scientific studies, regulatory impact analyses, public comments, records of stakeholder meetings, and other chemical-specific information. This Court's review of whether each rule is based on substantial evidence in the record is necessarily case-specific. Given these differences, there are no common questions of fact that would justify ADAO's extraordinary request.

*Second*, because this case and *East Fork* "[a]re at different stages of preparedness," consolidation "would be improper." *St. Bernard Gen. Hosp., Inc.*, 712 at 990. As ADAO acknowledges in its Motion (ECF No. 183 at 3), *East Fork* is scheduled for oral argument the first week of June. The parties have filed the joint

deferred appendix as well as all final briefs in that case. Here, by contrast, merits briefing is still underway, and EPA is actively considering whether it intends to continue defending the Asbestos Rule.

*Third*, there is no meaningful overlap between the legal arguments presented in this case and those presented in *East Fork* that would justify consolidation. For example, while both cases present the question of whether EPA regulated beyond the extent necessary to eliminate unreasonable risk under TSCA Section 6, 15 U.S.C. § 2605(a), this Court's review of that question is closely tied to the administrative record for each rule, including EPA's chemical-specific findings about potential risks presented by each chemical; ways to mitigate risk in the workplace; reasonable compliance lead times; and so on. Similarly, whether EPA should have referred workplace risks to the Occupational Safety and Health Administration (OSHA) under 15 U.S.C. § 2608(a) is necessarily chemical-specific, as it implicates the extent and nature of OSHA regulations for each chemical.

ADAO overstates the importance of any similarity in questions of law between this case and *East Fork.* By ADAO's logic, any time two cases involve an agency's interpretation and application of the same statutory provision, consolidation would be proper, regardless of how extensive the differences are in the underlying administrative records and the agency's application of law to facts. To illustrate, imagine there are three cases pending in this Court, each involving a

5

challenge to a large-scale project requiring an environmental impact analysis under the National Environmental Policy Act (NEPA): (i) construction of an interstate pipeline between Oklahoma and Texas; (ii) expansion of an airport in Louisiana; and (iii) a logging project in national forests in Mississippi. Even if all three cases raise the same questions of law—*e.g.*, whether the agency considered a reasonable range of alternatives or whether the agency appropriately adopted the project proponent's statement of purpose and need for the project—it makes no sense to consolidate the three cases, as each raises unique questions about the scope of possible environmental impacts and each has a distinct administrative record.

To use another example, it would make no sense to consolidate a case challenging air emissions standards for lead acid battery manufacturing plants with a case challenging air emissions standards for residential woodstoves merely because both cases raise the legal question of how narrowly or expansively EPA can interpret the term "best system of emission reduction" in the Clean Air Act. *See* 42 U.S.C. § 7411(a)(1). The emissions sources are fundamentally different, as are the regulated industries, technologies used to achieve emissions reductions, pollutants of concern, cost-benefit analyses, among other relevant considerations.

*Finally*, consolidation does not serve judicial economy. While EPA and some (but not all) of the Chemistry Councils are parties to this case and *East Fork*, there are several unique industry petitioners and nongovernmental organizations involved

in each case, and there is very little overlap in counsel across these cases. Consolidation would significantly expand the scope of oral argument and the issues presented for review in each case, which would prejudice the parties that care about the Asbestos Rule, but not the methylene chloride risk management rule at issue in *East Fork*, and vice versa.

## CONCLUSION

For the foregoing reasons, this Court should deny ADAO's Motion.

Dated: April 4, 2025

Laura Gooding
AMERICAN CHEMISTRY COUNCIL
700 2nd Street, NE
Washington, DC 20002

*Counsel for the American Chemistry Council*

/s/ Robert J. Karl
Robert J. Karl
Eric B. Gallon
Porter, Wright, Morris & Arthur LLP
41 S. High Street, Suite 3000
Columbus, OH 43215-6194
Phone: (614) 227-1925
rkarl@porterwright.com

*Counsel for the Ohio Chemistry Technology Council*

Respectfully submitted,

/s/ David Y. Chung
David Y. Chung
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
Phone: (202) 624-2500

*Counsel for the American Chemistry Council, Georgia Chemistry Council, and Texas Chemistry Council*

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit of Fed. R. App. 27(d)(2)(A) because it contains 1,483 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

*/s/ David Y. Chung*
David Y. Chung