No. 24-60193

In The United States Court of Appeals
for the Fifth Circuit

Texas Chemistry Council; American Chemistry Council; Georgia Chemistry Council; Asbestos Disease Awareness Organization; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO; Ohio Chemistry Technology Council,

*Petitioners*,

v.

United States Environmental Protection Agency,

*Respondent.*

———————

Consolidated with

No. 24-60281

American Public Health Association; Collegium Ramazzini; Local F-116 (Vanderberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Firefighters; The FeelGood Foundation; Henry A. Anderson, *Medical Doctor*; Brad Black, *Medical Doctor*; Barry Castleman, *Doctor of Science*; Raja Flores, *Medical Doctor*; Arthur Frank, *Medical Doctor, Doctor of Philosophy*; Phil Landrigan, *Medical Doctor, Master of Science*; Richard Lemen, *Doctor of Philosophy, Master of Public Health*; Steven Markowitz, *Medical Doctor, Doctor of Public Health*; Jacqueline Moline, *Medical Doctor,*

*Master of Public Health*; Celeste Monforton, *Doctor of Public Health, Master of Public Health*; Christine Oliver, *Medical Doctor, Master of Public Health, Master of Science*; Andrea Wolf, *Medical Doctor, Master of Public Health*,

*Petitioners*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*;

*Respondents.*

_____

**Consolidated with**

No. 24-60333

Olin Corporation,

*Petitioner*,

v.

United States Environmental Protection Agency; Michael Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents.*

_____

**OPPOSITION OF PETITIONER-INTERVENOR ASBESTOS DISEASE AWARENESS ORGANIZATION TO EPA's MOTION FOR A 60 DAY ABEYANCE OF THIS CASE**

Petitioner-Intervenor Asbestos Disease Awareness Organization ("ADAO") submits this opposition to the June 16, 2025 motion of Respondent Environmental Protection Agency ("EPA") to hold this case in abeyance for 60 days. Opposed Motion to Hold Case In Abeyance, Document No. 201-1. Launched in 2004, ADAO is now the largest independent non-profit organization in the U.S. dedicated to eliminating asbestos-caused diseases. It has been a strong and outspoken advocate for a comprehensive U.S. ban on asbestos, championing strong EPA action to eliminate asbestos exposure under the Toxic Substances Control Act ("TSCA").

1. After obtaining a 120-day abeyance from this Court on February 14, 2025, EPA now seeks what is likely the first of many abeyance requests while it conducts rulemaking to reconsider and modify its Part 1 rule for chrysotile asbestos. Although EPA is at this time seeking only a 60 day abeyance, its motion and accompanying declaration indicate that the planned rulemaking will not be completed for at least 30 months and maybe longer. Thus, EPA presumably intends to seek multiple abeyances which, in combination, continue for the duration of the rulemaking process.

2. The rulemaking will consider fundamental changes in the Part 1 rule, including elimination of its current bans on the use of chrysotile asbestos in the production of chlorine and caustic soda and the manufacture of asbestos sheet

gaskets and their use in the chemical manufacturing, petroleum refining, power generation and nuclear sectors.  Other significant rule modifications may be considered as well, affecting, for example, the rule's interim worker protections, and EPA may revise its underlying risk evaluation for chrysotile asbestos if needed to justify changes in the rule. Declaration of Lynn Dekleva, Document No. 202-2.

    3.  The Part 1 rule has already taken effect and several compliance deadlines have passed. In its motion and declaration, EPA has not addressed the continued implementation of these prohibitions and restrictions during the thirty-plus months required to complete the rulemaking process. However, the potential exists for EPA to delay the rule's compliance deadlines or suspend their enforcement until they are replaced by a revised rule in December 2027 or subsequently.  This would effectively rescind the rule without a judicial ruling on its validity.

    4.  While an agency may reexamine and revise final rules issued by a prior administration, the agency is not automatically entitled to an abeyance of a pending judicial challenge merely because it wants to reconsider its predecessor's rule. As the Third Circuit has observed, "[i]t is well settled that before [an abeyance] may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068 (3d Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 US. 248, 254-55 (1936)). In determining

whether an abeyance would be appropriate, "benefit and hardship would have to be set off, the one against the other, and a balance ascertained." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 216 (1937) (citing *Landis*, 299 U.S. at 248).

5. EPA claims that delaying the pending challenges to the Part 1 rule during rulemaking could narrow the mix of issues for judicial resolution and conserve the resources of the parties and Court. Motion at 4. However, briefing in this case is nearly complete, with only reply briefs remaining to be filed. Accordingly, if the case proceeds to a decision, additional burdens on the litigants and the Court should be modest.

6. An open-ended abeyance of this case, moreover, is unlikely to obviate the need for judicial resolution of the fundamental legal issues that the current rule presents. For example, ADAO's opening brief raises significant concerns about the legal sufficiency of the Part 1 rule under TSCA. Document No. 107. These concerns include whether the rule violates TSCA by failing to restrict all conditions of use of all six asbestos fibers rather than only six uses of chrysotile asbestos; by excluding the contribution of environmental releases at asbestos-using facilities to chrysotile exposure and risk on the ground that these releases are not within the purview of TSCA; by failing to provide protections against the risks of chrysotile asbestos during its importation and distribution in commerce; and by failing to limit worker

exposure to unsafe asbestos brake linings during vehicle servicing and repair operations.

7. Resolving these issues now – which have been thoroughly briefed to this Court – may be more efficient than waiting for the promulgation of a new rule 30 months from now that raises the same concerns as Part 1 and is subject to a new legal challenge.

9. This is also the case for those aspects of the rule that, according to EPA's motion, will be a focus of reconsideration and further rulemaking, For example, the motion explains that EPA is examining whether "the prohibitions with respect to the Asbestos sheet gasket and Chlor-alkali conditions of use in the Asbestos Part 1 Rule went beyond what is necessary to eliminate the unreasonable risk." Dekleva Decl. at 5. Thus, EPA may choose to drop these prohibitions and instead determine that "alternative measures—such as requiring permanent workplace protection measures—would eliminate the unreasonable risk."

10. Whether a ban on these two conditions of use was necessary to "eliminate the unreasonable risk" as required by TSCA is a central issue in this case and has been briefed by the parties. ADAO, which has fought for a comprehensive asbestos ban for two decades, has argued that the strong evidence of unreasonable risk in the record compelled a ban and demonstrated that lesser measures would be insufficient to meet EPA's obligations under TSCA. If EPA's modified rule

eliminates the current ban of these two conditions of use, a challenge to that rule is highly likely, prolonging legal uncertainty for several more years.

In conclusion, the Court should deny the EPA abeyance motion.

Dated: June 18, 2025

Respectfully submitted,

*/s/Robert M. Sussman*
Robert M. Sussman
Sussman & Associates
3101 Garfield St. NW
Washington, DC 20008
(202) 716-0118

*Attorneys for Petitioners Asbestos Disease Awareness Organization. American Public Health Association, Collegium Ramazzini, Local F-116 (Vandenberg Professional Firefighters), International Association of Fire Fighters; Local F-253 (Fort Myer Professional Firefighters), International Association of Fire Fighters; The FealGood Foundation. Henry A. Anderson, MD; Brad Black, MD; Barry Castleman, ScD; Raja Flores, MD; Arthur Frank, MD, PhD; Phil Landrigan, MD, MSc; Richard Lemen, PhD, MSPH; Steven Markowitz, MD, DrPH; Jacqueline Moline, MD, MSc; Celeste Monforton, DrPH, MPH; Christine Oliver, MD, MPH, MSc; and Andrea Wolf, MD, MPH*

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 979 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point font.

                 */s/Robert M. Sussman*
                  Robert M. Sussman

## CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on June 18, 2025. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Robert M. Sussman*
Robert M. Sussman
