# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| TEXAS CHEMISTRY COUNCIL, *et al*.<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*.<br><br>Respondents. | Nos. 24-60193, 24-60281, 24-60333 (consolidated) |

## DECLARATION IN SUPPORT OF WITHDRAWAL OF MOTION TO HOLD CASE IN ABEYANCE

1. I, Lynn Ann Dekleva, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge, information contained in the records of the United States Environmental Protection Agency ("EPA" or "the Agency"), or information supplied to me by EPA employees under my supervision at EPA Headquarters. *See* 28 U.S.C. § 1746.

2. I am the Deputy Assistant Administrator for the Office of Chemical Safety and Pollution Prevention ("OCSPP") within EPA. I have held this position since January of 2025; however, I have previously held other positions within EPA. Specifically, from August 2019 to January 2021 I served as the Associate Deputy Assistant Administrator for New Chemicals and from October 2018 to August 2019 I served as a Science Advisor. Prior to rejoining EPA this year, I worked as a Senior Director at the American Chemistry Council. I hold a B.S. in Biology

and a B.S. in Medical Technology from Wilkes University and a M.S. in Environmental Microbiology and a Ph. D. in Environmental Engineering from Drexel University.

3. The Office of Pollution Prevention and Toxics ("OPPT") within OCSPP is responsible for the development of the regulation entitled, "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)." See 89 Fed. Reg. 21970 (Mar. 28, 2024) (codified at 40 C.F.R. Part 751) ("Asbestos Part 1 Rule"), as well as for the underlying Asbestos Part 1 risk evaluation and associated determinations of unreasonable risk upon which the rule is based.

4. On February 11, 2025, EPA filed an opposed motion to hold this case in abeyance for 120 days to allow new Agency leadership to review the underlying rule that is the subject of the petitions for review. This Court granted that motion on February 14, 2025.

5. On June 16, 2025, EPA filed an opposed motion to continue to hold this case in abeyance for six months to allow the Agency to reconsider the Asbestos Part 1 Rule through notice-and-comment rulemaking for the purpose of considering changes including increased workplace protection requirements.

6. On June 18, 2025, Petitioner Asbestos Disease Awareness Organization filed an opposition to EPA's motion to hold this case in abeyance.

7. This declaration is filed in support of EPA's withdrawal of the Agency's June 16, 2025 motion for abeyance.

8. Since EPA filed its motion for abeyance, the Agency has further reconsidered the Asbestos Part 1 Rule, including the applicability of workplace protection requirements to the use of asbestos-containing sheet gaskets in non-titanium dioxide chemical production and the selection of risk management measures for the Asbestos sheet gasket and chlor-alkali conditions

of use. EPA plans to explore whether guidance could provide further clarity to stakeholders as they implement the Rule, particularly with respect to any workplace protection measures. As a result, EPA does not intend to conduct notice-and-comment rulemaking to evaluate potential changes to the Asbestos Part 1 Rule at this time.

9. Accordingly, EPA no longer believes that an abeyance of this litigation is necessary.

I declare under penalty of perjury that the foregoing is true and correct.

LYNN DEKLEVA
Digitally signed by LYNN DEKLEVA
Date: 2025.07.07 17:16:45 -04'00'

Lynn Ann Dekleva
Deputy Assistant Administrator
Office of Chemical Safety and Pollution Prevention
U.S. Environmental Protection Agency