

January 9, 2026

Lyle W. Cayce, Clerk of Court
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re: *Texas Chemistry Council v. EPA,* No. 24-60193 *and consolidated cases*

Dear Clerk Cayce:

I am lead counsel for the United Steelworkers, a petitioner and intervenor in support of respondent EPA, in the above-captioned cases. I have previous commitments from April 4-13 and May 14-31. I request that the Court refrain from scheduling oral argument on these petitions during those time periods.

Thank you in advance for your cooperation.

Sincerely,

/s/ Randy Rabinowitz

cc: Counsel of Record service via CM/ECF

(202)-256-4080
PO Box 3769, Washington, DC 20027

efore all petitions were transferred to this Court, the Fifth Circuit stayed the entire Rule to allow EPA to respond to pending stay motions. This Court initially continued the Fifth Circuit's stay. Dkt. No. 5. Since then, EPA, purporting to act pursuant to 5 U.S.C. § 705, has postponed the effective date of the WCPP provisions for *all* affected industries four times, while permitting the rest of the Rule to go into effect, most recently last week. 90 Fed. Reg. 51027 (Nov. 14, 2025). This Court has modified its stay to conform to EPA's postponement. Dkt No. 53. Thus, despite the statutory command, there are no protections for workers exposed to TCE currently in place.

### I. The Pending Motions Are Ripe for Decision

To decide whether a case is – or in this instance, motions are – ripe for adjudication, "a court must consider (1) the fitness of the issues for judicial decision and (2) the hardship to the parties from withholding judicial consideration." *Comite de Apoyo a Los Trabajadores Agricolas [CATA]* v. *Perez,* 774 F.3d 173, 183 (3d Cir. 173)(citations omitted). The pending stay motions satisfy both criteria.

#### A. The Motions Present Issues Fit for Judicial Decision

Three parties moved to stay the WCPP provisions as they apply to their two industries: Microporous and the Alliance for lead-acid battery separator manufacturers and PPG for manufacturing of specialty polymeric microporous sheet materials. These motions are fully briefed and have been awaiting decision since late May. While EPA has moved to hold this case in abeyance, all petitioners have urged the Court to decide the stay motions.

EPA's successive postponements of the WCPP's effective date should not serve as an impediment to the Court addressing the pending motions and narrowing the both the Court's and EPA's stay. As discussed in greater detail in the letter filed today by the Environmental Defense

(202) 256-4080

PO Box 3769, Washington, DC 20027

Fund and the Center for Environmental Health, EPA's successive stays are invalid, for several reasons.[1] EPA asserts a stay is warranted "in the interest of justice." EPA has failed to provide any "reasoned explanation" why, in response to concerns three petitioners raised about their difficulty in complying with the Rule's ECEL, it has postponed the effective date of *all* of the WCPP requirements for *all* 53 conditions in which TCE will continue to be used. EPA nowhere explains why such expanded relief is justified, when no party requested it; nor did EPA address any alternatives to the blanket relief it is granting. Furthermore, this Court should not rubber-stamp EPA's stay by adopting it as a court order. This Court may grant a stay pending review only after applying the four-part test in *Nken v. Holder.* 556 U.S. 418 (2009). It must base any stay on sworn statements supporting each element of the *Nken* test. Fed. R. App. P. 18(b). EPA's stay is based on criteria that are more lenient than those this Court must apply when deciding whether any stay is warranted and, if so, its' proper scope.

The need for action by this Court is underscored, moreover, by the fact that through the Court-ordered mediation, the Unions and petitioner PPG have reached an agreement that resolves PPG's stay motion. The parties have drafted a proposed order that summarizes their agreement and is attached to this letter. The gist of the agreement requires that most provisions of the WCPP would go into effect pending review except the ECEL to the extent that it requires reduction of TCE exposures below 6 ppm. Should the Court issue an order in line with the agreement between PPG and the Unions, the Unions withdraw their opposition to EPA's motion for abeyance.

The Unions believe that our agreement with PPG provides a roadmap for a narrow stay applicable to battery separators – the only other industry that has requested relief from the Court and submitted evidence in support of that request consistent with Fed. R. App. P. 18(b). As we pointed out in our Opposition to Motion for Stay, Dkt. 49 at 13-18, the battery separators have indicated that they can meet an ECEL of 6 ppm.

   B.     Workers Are Facing Substantial Hardship

The Occupational Safety and Health Administration's outdated TCE standard, adopted in the 1970s, sets the permissible exposure limit at 100 ppm, magnitudes higher than the .004 ppm level at which EPA found TCE presents an unreasonable risk. As long as the Court refrains from addressing the stay motions and either the Court or EPA leaves its current stay in effect, Unions' members and other workers exposed to TCE face an unreasonable risk of serious illness.

---

[1] A decision that the stay motions are not ripe would not conserve judicial resources, but would likely result in more, not less, litigation. For the reasons explained by EDF and CEH, EPA's most recent section 705 stay can be challenged as final agency action that is both procedurally invalid and contrary to law. In addition, TSCA requires EPA to adopt rules to eliminate unreasonable risk according to strict timetables, and directs courts to enforce these deadlines, 15 U.S.C. §2619(a)(2). New litigation under either theory would make already complex regulatory litigation even more so.

(202)-256-4080

PO Box 3769, Washington, DC 20027

TSCA demands that EPA take workers' exposures into account in evaluating risk, and mandates that when the Agency finds unreasonable risk, it quickly adopt rules to eliminate it. 15 U.S.C. § 2602(12); *id.* § 2605(a) and (c). By placing the interests of workers front-and-center, TSCA makes clear that the risk inaction poses to workers is the kind of legal harm the Court should consider in weighing whether a challenge is ripe. *Wyoming v. Zinke,* 871 F.3d at 1133, 1143 (10th Cir. 2017) (the question is "whether withholding review would 'create adverse effects of a strictly legal kind.'") (quoting *Nat'l Park Hosp. Ass'n v. DOL,* 538 U.S. 803, 809 (2003)).

## II. The Claims are Ripe for Review

The underlying claims are also ripe for review. The pending petitions challenge a final rule issued by EPA. Although EPA has announced its intent to reconsider some aspects of the Rule, it has not yet announced which parts of the Rule it may reconsider, issued a proposed revision, nor even placed TCE on the Agency's regulatory agenda. Accordingly, the Court "should intervene at this time because the fact that [EPA] plans to reconsider the [rule] does not mean that [petitioners] challenge is unripe." *CATA v. Perez,* 774 F.3d at 186.

This is particularly true because EPA has not announced any intention to revisit the risk determination on which the Rule is based. Thus, while EPA may tinker with some aspects of the Rule, EPA remains under a statutory duty to eliminate TCE's unreasonable risk. Regardless of what EPA's reconsideration entails, the scientific analysis underpinning the Rule and many of the legal issues it presents will remain unchanged. These issues are ripe for review.

Moreover, a decision by this Court to dismiss the pending petitions would potentially prejudice the current petitioners. TSCA provides that challenges to final rules must be filed in the Court of Appeals within 60 days of their promulgation. 15 U.S.C. § 2618(a)(1)(A). If EPA were eventually to decide *not* to revise the Rule, the parties would be time-barred from pursuing their claims – the relevant "adverse effects of a strictly legal kind" to be considered in determining ripeness. *Wyoming v. Zinke,* 871 F.3d at 1133.[2]

Finally, dismissing the petitions would necessarily dissolve both this Court's and EPA's stays, since the existence of litigation challenging the Rule is a necessary predicate for any stay pending judicial review.

## CONCLUSION

The Unions respectfully submit that the claims and the pending stay motions are ripe. They urge the Court to enter an order reflecting the agreement between the Unions and PPG, and to use that agreement as a template for resolving the Microporous and Alliance stay motions. Should the

---

[2] The Tenth Circuit's decision, vacating the appeals as unripe, is inapposite. Here, EPA has a mandatory duty to adopt a rule to eliminate the risks TCE poses; the Rule currently bans many uses of TCE; there has been no finding that the Rule is invalid; and EPA has not announced that it intends to rescind the Rule.

(202)-256-4080

PO Box 3769, Washington, DC 20027

Court adopt the Unions-PPG order, the Unions will waive their objection to EPA's abeyance motion.

Respectfully submitted,

/s/ *Randy S. Rabinowitz*

/s/ *Victoria L. Bor*

Counsel for the Unions



(202)-256-4080

PO Box 3769, Washington, DC 20027