# In the United States Court of Appeals for the Fifth Circuit

TEXAS CHEMISTRY COUNCIL; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; ASBESTOS DISEASE AWARENESS ORGANIZATION; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO; OHIO CHEMISTRY TECHNOLOGY COUNCIL,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent

Consolidated with No. 24-60281

AMERICAN PUBLIC HEALTH ASSOCIATION; COLLEGIUM RAMAZZINI; LOCAL F-116 (VANDENBERG PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; LOCAL F-253 (FORT MYER PROFESSIONAL FIREFIGHTERS), INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS; THE FEELGOOD FOUNDATION; HENRY A. ANDERSON, MEDICAL DOCTOR; BRAD BLACK, MEDICAL DOCTOR; BARRY CASTLEMAN, DOCTOR OF SCIENCE; RAJA FLORES, MEDICAL DOCTOR; ARTHUR FRANK, MEDICAL DOCTOR, DOCTOR OF PHILOSOPHY; PHIL LANDRIGAN, MEDICAL DOCTOR, MASTER OF SCIENCE; RICHARD LEMEN, DOCTOR OF PHILOSOPHY, MASTER OF PUBLIC HEALTH; STEVEN MARKOWITZ, MEDICAL DOCTOR, DOCTOR OF PUBLIC HEALTH; JACQUELINE MOLINE, MEDICAL DOCTOR, MASTER OF SCIENCE; CELESTE MONFORTON, DOCTOR OF PUBLIC HEALTH, MASTER OF PUBLIC HEALTH; CHRISTINE OLIVER, MEDICAL

DOCTOR, MASTER OF PUBLIC HEALTH, MASTER OF SCIENCE; ANDREA WOLF, MEDICAL DOCTOR, MASTER OF PUBLIC HEALTH,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondents

Consolidated with No. 24-60333

OLIN CORPORATION,

Petitioner

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondents

On Petitions for Review from an Order of the
Environmental Protection Agency
Agency No. 40 CFR Part 751
Agency No. 89 Fed. Reg. 21,970 (Mar. 28, 2024)

**INDUSTRY PETITIONERS' NOTICE OF WITHDRAWAL OF ISSUE**

Petitioners Texas Chemistry Council, American Chemistry Council, Georgia Chemistry Council, and Ohio Chemistry Technology Council (collectively, "Industry Petitioners") hereby notify the Court that they are withdrawing their request for judicial relief regarding one of the issues in this litigation: namely, whether EPA's Risk Evaluation, on which the Final Rule is premised, fails the substantial evidence standard because it is based on worst-case assumptions and not actual conditions of use, thereby overestimating risk. This issue is set forth at pages 43-53 of Industry Petitioners' Opening Brief (ECF No. 264) and at pages 16-24 of their Reply Brief (ECF No. 266). As set forth more fully below, Industry Petitioners hereby withdraw those portions of their briefs. Industry Petitioners do not plan to present oral argument on this issue, and they do not seek vacatur of EPA's Risk Evaluation. Industry Petitioners stand by the remaining arguments set forth in their briefs.[1]

1.      This action involves petitions for review that challenge EPA's March 28, 2024, final rule published in the Federal Register entitled "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic

---

[1] In addition to petitioning for review of aspects of the Final Rule, American Chemistry Council, Georgia Chemistry Council, Ohio Chemistry Technology Council, and Texas Chemistry Council intervened as respondents to defend other aspects of the Final Rule against challenges raised by non-industry petitioners. *See* ECF No. 66-1 (order granting intervention). These associations stand by all of the arguments set forth in their Intervenor-Respondents' Brief (ECF No. 265).

Substances Control Act (TSCA)," 89 Fed. Reg. 21,970 (Mar. 28, 2024) ("Final Rule"). On May 7, 2024, the United States Judicial Panel on Multidistrict Litigation consolidated all petitions for review of the Final Rule in this Court (ECF No. 14).

2.      In their Opening Brief, Industry Petitioners presented three issues for this Court's review: (1) whether EPA's Risk Evaluation, on which the Final Rule is premised, fails the substantial evidence standard because it is based on worst-case assumptions and not actual conditions of use, thereby overestimating risk; (2) whether the Final Rule exceeds EPA's authority under section 9 of the Toxic Substances Control Act and is not supported by substantial evidence because EPA failed to refer its findings to the Occupational Safety and Health Administration, the agency that has primary responsibility over workplace safety, and did not provide an adequate explanation for failing to do so; and (3) whether the Final Rule exceeds EPA's authority under section 6 of the Toxic Substances Control Act because it imposes measures beyond "the extent necessary" and because EPA did not consider any real alternative regulatory action other than a ban. *See* ECF No. 41, at 1-2.

3.      Petitioner Olin Corporation in Case No. 24-60333 initially presented a fourth issue for review, but it did not argue that issue in the Industry Petitioners' Reply Brief. *Compare* Opening Br. (ECF No. 41), at 2 *with* Reply Brief (ECF No. 234) at 2 n.1. Petitioner Olin Corporation eventually dismissed its petition for review on May 6, 2026.

4.    Key compliance deadlines impacting Industry Petitioners' member companies have already passed. In particular, starting November 25, 2024, chlor-alkali facilities must ensure that no person is exposed to an airborne concentration of chrysotile asbestos in excess of the interim existing chemical exposure limit ("ECEL"), which is "0.005 fibers(f)/cubic centimeter as an eight (8)-hour time-weighted average." *See* 40 C.F.R. § 751.511(b). Since that date, owners and operators of chlor-alkali facilities have had to conduct exposure monitoring and provide the requisite notifications to potentially exposed persons. *See id.* § 751.511(c). Owners and operators were also required to establish, demarcate, and limit access to any areas if there is a reasonable possibility that such areas may exceed the ECEL, and they must provide respirators to each person entering those areas *and* require the use of such respirators. *See id.* § 751.511(d). Last, owners and operators were required to institute engineering controls and work practices to reduce and maintain airborne chrysotile asbestos concentrations to or below the ECEL and implement exposure control plans starting on March 28, 2025. *See id.* § 751.511(e).

5.    Prospective relief to vacate those requirements on the ground that they are premised on a flawed Risk Evaluation is no longer available, and Industry Petitioners' member companies have already taken measures to comply.

Accordingly, Industry Petitioners no longer intend to challenge or seek vacatur of EPA's Risk Evaluation.

6. Although Industry Petitioners are no longer challenging whether EPA's Risk Evaluation fails the substantial evidence standard, they are still challenging the Final Rule on the grounds that it violates TSCA sections 6 and 9 for all the reasons set forth in their briefs.


Dated: May 19, 2026                                                    Respectfully submitted,

*s/Robert J. Karl*                                    */s/David Y. Chung*
Robert J. Karl, Esq.                                  David Y. Chung
Eric B. Gallon                                        Warren Lehrenbaum
Porter, Wright, Morris & Arthur,                      Crowell & Moring LLP
L.L.P.                                                1001 Pennsylvania Ave., N.W.
41 S. High Street, Suite 3000                         Washington, DC 20004
Columbus, OH 43215                                    (202) 624-2500
(614) 227-1925                                        (202) 628-5116 (fax)
rkarl@porterwright.com                                dchung@crowell.com
egallon@porterwright.com

                                                      *Counsel for Petitioners American*
*Counsel for Petitioner Ohio*                         *Chemistry Council, Georgia*
*Chemistry Technology Council*                        *Chemistry Council, and Texas*
                                                      *Chemistry Council*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Notice complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because it contains 772 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).

This Notice complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

*s/ David Y. Chung*
David Y. Chung

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on May 19, 2026, I filed the foregoing Notice using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*s/ David Y. Chung*
David Y. Chung
