June 1, 2026

**Sussman & Associates**
**3101 Garfield St. NW**
**Washington, DC 20008**
**202-716-0118**
bobsussman1@comcast.net

Honorable Lyle W. Cayce
Clerk
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

**Re:   *Texas Chemistry Council v. EPA*, 24-60193, consolidated with *American Public Health Association v. EPA*, No. 24-60281**

At today's oral argument, the Court invited counsel for petitioners to submit letters by close of business today on standing issues.

I am responding to this invitation on behalf of the Asbestos Disease Awareness Organization (ADAO), petitioner in No. 24-60193, and the seventeen organizations and individuals who are petitioners in No. 24-60281.

The petitioners addressed standing in their opening Brief (Docket No. 272) at pp. 40-47. In support of that Brief, petitioners also submitted three standing declarations on September 30, 2024 (Docket No. 108-1 to 108-4). These declarations were on behalf of petitioners ADAO, International Association of Fire Fighters (IAFF) Local F-253, (IAFF Local F-253) and American Public Health Association (APHA).

IAFF Local F253 and APHA are membership organizations. ADAO has a network of 50,000 supporters who contribute funding and are engaged in ADAO's work on asbestos prevention.

Based on the declarations, ADAO, IAFF Local 253 and APHA are at this time asserting associational standing based on current and future harm to their members and supporters stemming from the deficiencies in EPA's Part 1 rule.   If the Court accepts our showing of associational standing, it does not need to reach organizational standing issues under *US v. Texas*, 173 F. 4th 659 (5th Circ. 2026).

1

In its Brief, respondent EPA stated that, while "the individual medical doctor petitioners lack standing," other petitioners "have shown standing" and therefore EPA "does not does not move to dismiss [the] petition" of any of the petitioners. Docket No. 149 at p. 129, n. 19.

Below are more details about the associational standing demonstration of the three petitioners:

**IAFF Local 253.** Cancer is the leading cause of line-of-duty deaths among fire fighters and asbestos is a significant contributor to this mortality. Mike Jackson Decl. ¶¶ 14-17. Studies show that the rate of asbestos-related cancers among firefighters is significantly higher than in other segments of the population. Id. EPA's Part 2 asbestos risk evaluation has determined that exposure to asbestos by firefighters is higher than for just about any occupational group. https://www.epa.gov/system/files/documents/2024-11/01.-asbestos-part-2-.-risk-evaluation-.-public-release-.-hero-.-nov-2024.pdf.

Members of Local F-253 are being harmed in at least two respects by portions of the Part 1 rule we are challenging.

The first is EPA's determination that importation and distribution in commerce of asbestos-containing products and wastes do not present an unreasonable risk. The local's members frequently respond to spills, fires, accidents or other transportation incidents that result in exposure to asbestos. If EPA wrongly found that transportation of asbestos does not present an unreasonable risk to firefighters, then further rulemaking would be necessary to enhance protections against asbestos risks during transportation. These enhanced protections would benefit fire fighters by reducing transportation spills and releases that result in asbestos exposure and providing for stronger safeguards against harmful exposures when these spills and releases do occur. Jackson Decl. ¶¶18-20.

The local's members are also harmed by the rule's failure to restrict reasonably foreseen future uses of chrysotile asbestos and the other five fiber types. Should imports of these asbestos-containing products resume in the US, the result would be greater prevalence of asbestos in building materials and a host of other applications. As a result, the presence and amount of asbestos in homes, commercial buildings, factories and equipment would increase. Firefighters would therefore encounter asbestos more frequently or at higher concentrations when responding to fires in homes, commercial buildings, and factories. Id. at ¶¶ 6,

21.This would be avoided if the Court required EPA to expand its rule to cover reasonably foreseen future uses of all six asbestos fibers.

**ADAO.** ADAO's network of supporters and contributors includes more than 50,000 individuals and organizations. Reinstein Decl., ¶¶ 2, 6, 23, 35 Many ADAO supporters or their families have been diagnosed with asbestos-related diseases. Id. ¶¶ 20-21. Other members of ADAO's network are concerned that gaps in the Part 1 rule may result in increases in asbestos exposure by them and their communities which have devastating health consequences.

For example, ADAO and supporters and partners in its network fear that the Regulation's failure to regulate all asbestos fibers and uses will increase the risk of asbestos exposure to them and people in their families and communities. Similarly, communities in ADAO's network could be exposed to environmental releases from asbestos-using or waste disposal facilities that the Regulation fails to control; auto mechanics, bystanders in repair shops or consumers performing DIY vehicle servicing could be exposed to asbestos during repair or removal of asbestos vehicle parts, a pathway of exposure that is exempt from the Regulation; and workers and nearby communities could be at risk from chlor-alkali plants to which the Regulation gives12 years to phase out asbestos diaphragms. Id. at ¶¶ 22-24.

**APHA.** Petitioner American Public Health Association (APHA) has over 23,000 individual members from all segments of the public health community. As shown in the declaration of its Executive Director Georges Benjamin, the EPA rule has concrete impacts on APHA members whose day-to-day health responsibilities involve prevention and mitigation of asbestos exposure. Benjamin Decl. ¶10.

These APHA members include industrial hygienists, first responders, compliance experts and health and safety professionals whose work involves protecting students, teachers, workers or consumers who could be exposed to asbestos in businesses, factories or public buildings. Id. ¶13. These APHA members may be exposed to asbestos themselves and could be at additional risk from asbestos fibers and uses that the EPA rule fails to regulate. In addition, the gaps in the rule could lead to uncontrolled pathways of asbestos exposure that increase the complexity and difficulty of protecting against asbestos risk and make the work of asbestos protection professionals more challenging and time-consuming. Id. at ¶¶23-25.

We hope this letter is helpful to the Court.

Respectfully submitted,

June 1, 2026

Respectfully submitted,
/s/Robert M. Sussman
ROBERT M. SUSSMAN
Sussman & Associates
3101 Garfield St. NW
Washington DC 20008 bobsussman1@comcast.net
202-716-0118

*Attorneys for petitioners Asbestos*
*Disease Awareness Organization. American*
*Public Health Association, Collegium Ramazzini,*
*Local F-116 (Vandenberg Professional*
*Firefighters), International Association of Fire*
*Fighters; Local F-253 (Fort Myer Professional*
*Firefighters), International Association of Fire*
*Fighters; The FealGood Foundation.*
*Henry A. Anderson, MD; Brad Black, MD; Barry*
*Castleman, ScD; Raja Flores, MD; Arthur Frank,*
*MD, PhD; Phil Landrigan, MD, MSc; Richard*
*Lemen, PhD, MSPH; Steven Markowitz, MD,*
*DrPH; Jacqueline Moline, MD, MSc; Celeste*
*Monforton, DrPH, MPH; Christine Oliver, MD,*
*MPH, MSc; and Andrea Wolf, MD, MPH.*

cc: All Counsel (served by ECF)