

**David Y. Chung**
DChung@crowell.com
(202) 624-2587  direct

Crowell & Moring LLP
600 Fifth Street NW
Washington, DC 20001
+1.202.624.2500  main
+1.202.628.5116  fax

June 10, 2026

**VIA CM/ECF**

Lyle W. Cayce
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  *Texas Chemistry Council, et al. v. EPA*, No. 24-60193, cons. w/ 24-60281

Dear Mr. Cayce:

Petitioners American Chemistry Council, Texas Chemistry Council, Ohio Chemistry Technology Council, and Georgia Chemistry Council ("Industry Petitioners") hereby file the attached Declaration of Logan Harrell (Exhibit A) and the Declaration of Dr. Kimberly W. White (Exhibit B) in support of their standing to sue under Article III of the U.S. Constitution.

I.    *Background*

These consolidated petitions for review challenge EPA's March 28, 2024, final rule published in the *Federal Register* entitled "Asbestos Part 1; Chrysotile Asbestos; Regulation of Certain Conditions of Use Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 21,970 (Mar. 28, 2024) ("Final Rule"). Industry Petitioners challenged the Final Rule on behalf of their member companies that currently use chrysotile asbestos at the chlor-alkali and chemical manufacturing facilities and that are directly harmed by the Final Rule's bans on those uses. In their Opening Brief, Industry Petitioners addressed standing in their Jurisdictional Statement, stating that Industry Petitioners or their members are directly regulated by the Final Rule. *See* Opening Br. at 1 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–52 (1992)). At the time, Petitioner Olin Corporation (in Case No. 24-



60333), which owns and operates two chlor-alkali facilities and is thus directly regulated by the Final Rule, was also a party to this case.[1]

On May 27, 2026, this Court requested that counsel be prepared to address Article III standing. *See* ECF No. 326. During oral argument on June 1, 2026, this Court indicated that it would accept letters from each of the petitioners by the end of the day that identified specific facts—namely, administrative record citations—to establish standing. The next day, the Court informed the parties that it wished to receive simultaneous letter briefs from the parties on issues relevant to the petitioners' standing. *See* ECF No. 333.

## II.     Industry Petitioners' Standing Declarations

Industry Petitioners are attaching declarations containing testimony from Logan Harrell, General Counsel & Director of Regulatory Affairs for the Texas Chemistry Council (Exhibit A) and from Dr. Kimberly W. White, Vice President, Regulatory and Scientific Affairs, of the American Chemistry Council (Exhibit B). The facts in those declarations are pertinent to establishing Industry Petitioners' standing to challenge a governmental action that directly regulates their members' facilities and operations. The declarations illustrate Texas Chemistry Council's and American Chemistry Council's member companies will suffer injury from the Final Rule's ban on the use of chrysotile asbestos, as well as how relief from this Court could redress those injuries. The declarations further explain how the mission of each association is to represent the economic and legal interests of their member companies in regulatory proceedings and in litigation.

## III.     This Court Should Exercise Its Broad Discretion to Review Industry Petitioners' Standing Declarations Under the Circumstances of this Case.

When a Court reviews agency action, such as the Final Rule, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Budhathoki v. Nielson*, 898 F.3d 504, 517 (5th Cir. 2018) (citation omitted). This Court, however, often looks beyond the administrative record and considers extra-declarations when evaluating whether petitioners have Article III standing. *E.g.*, *Tex. Corn Producers v. EPA*, 141 F.4th 687, 696-99 (5th Cir. 2025) (finding standing after reviewing extra-record

---

[1] Olin withdrew its petition on May 6, 2026, but Olin is a member of Petitioner American Chemistry Council.



declarations); *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 538-45 (5th Cir. 2019) (dismissing petitions for lack of standing after considering extra-declarations).

Generally, a petitioner must "present specific facts supporting standing through citations to the administrative record or affidavits or other evidence attached to its opening brief, unless standing is self-evident." *Sierra Club v. EPA,* 793 F.3d 656, 662 (6th Cir. 2015) (internal quotation marks and citation omitted). Despite that general rule, this Court (and others) have in some cases allowed petitioners to present extra-record declarations at a later stage when those petitioners reasonably assumed that standing was self-evident when they filed their opening briefs. *E.g.*, *Ctr. for Biological Diversity*, 937 F.3d at 536 (accepting extra-record declarations submitted with the petitioners' reply brief after petitioners addressed standing only in a footnote in their opening brief); *Am. Library Ass'n v. FCC*, 401 F.3d 489, 491-92 & 495 (D.C. Cir. 2005) (accepting *post-argument* affidavits in "a case in which neither petitioners nor the Commission were unreasonable in assuming that petitioners' standing was self-evident and the intervenor's challenge was vague and unfocused"); *U.S. Telecom Ass'n v. FCC*, 295 F.3d 1326, 1330 (D.C. Cir. 2002) (finding an association had standing to sue on behalf of its members after reviewing supplemental briefing and three post-argument affidavits).

The Court should allow Industry Petitioners to submit post-argument declarations to support their standing under the unique circumstances of this case. Here, when Industry Petitioners filed their Opening Brief, they reasonably believed standing was self-evident given that the Final Rule bans their member companies' ability to continue using chrysotile asbestos at their facilities and because Olin's standing was also self-evident. The Final Rule forces Olin to convert its facilities to non-asbestos technologies in five years rather than the seven years it requested, *see* Opening Br. at 75 (citing JA 2341), and Olin's presence in this case was "sufficient to satisfy Article III's case-or-controversy requirement." *See Rumsfeld v. Forum for Academic & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2 (5th Cir. 2006).

None of the parties in this case challenged Industry Petitioners' standing at any point during merits briefing, nor did any of the parties question standing after Olin dismissed its petition on May 6. "[N]othing in the record alerted [the] petitioners to the possibility that their standing would be challenged." *Am. Libr. Ass'n v. FCC*, 401 F.3d at 492. Indeed, standing was not an issue in this case until this Court first raised it on May 27, 2026. *See* ECF No. 326. Under these circumstances, the Court should exercise its discretion to accept post-argument declarations to support Industry Petitioners' standing. Here, as in *Center for Biological Diversity* and similar cases, it would be appropriate to "overlook



[Industry] Petitioners' decision to include only a cursory discussion of standing" and to "assume they had a good-faith (though mistaken) belief that standing would be both undisputed and easy to resolve." *See* 937 F.3d at 542 n.4.

*     *     *

For these reasons, the Industry Petitioners hereby submit the attached declarations in support of their standing.

<table>
<tr><td><u>s/Robert J. Karl</u></td><td><u>/s/ David Y. Chung</u></td></tr>
<tr><td>Robert J. Karl, Esq.</td><td>David Y. Chung</td></tr>
<tr><td>Eric B. Gallon</td><td>Crowell & Moring LLP</td></tr>
<tr><td>Porter, Wright, Morris & Arthur, L.L.P.</td><td>600 Fifth Street, N.W.</td></tr>
<tr><td>41 S. High Street, Suite 3000</td><td>Washington, DC 20001</td></tr>
<tr><td>Columbus, OH 43215</td><td>(202) 624-2500</td></tr>
<tr><td>(614) 227-1925</td><td>dchung@crowell.com</td></tr>
<tr><td>rkarl@porterwright.com</td><td></td></tr>
<tr><td>egallon@porterwright.com</td><td>*Counsel for American Chemistry Council, Texas Chemistry Council, and Georgia Chemistry Council*</td></tr>
<tr><td>*Counsel for Ohio Chemistry Technology Council*</td><td></td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify on June 10, 2026, I filed the foregoing letter and accompanying exhibits using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*s/ David Y. Chung*
David Y. Chung