

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*
*P.O. Box 7611*
*Washington, DC  20044*

*Telephone (202) 514-2219*
*Facsimile (202) 514-8865*

June 22, 2026

Lyle Cayce
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Texas Chemistry Council v. EPA*, No. 24-60193 and Consolidated Cases – Oral Argument Held June 1, 2026

Dear Mr. Cayce,

We write in response to Petitioners American Chemistry Council, Asbestos Disease Awareness Organization, and Steelworkers' submissions attaching new declarations post-argument. *See* Dkt. Nos. 345, 349-1, 352-1. The Court should strike these filings. The Court permitted supplemental briefing on standing, limited to 8-page letter briefs; the Court did not provide the Parties an opportunity to file belated standing declarations to rectify any standing deficiencies.

As an initial matter, Petitioners bear the burden of establishing standing and should have filed their declarations with their opening briefs, but at the very least, they should have met their evidentiary burden before oral argument. *Cf. Louisiana State by & through Louisiana Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 880 (5th Cir. 2023) (declining to consider on appeal new grounds for standing not previously asserted). Their failure to do so deprived the Parties of the opportunity to address the declarations at oral argument. Petitioners were certainly on notice of the Court's concerns: the Court ordered the Parties to come prepared to discuss "[w]hether Petitioners *have satisfied* their burdens of establishing standing, including whether Petitioners *have sufficiently articulated* their alleged injuries in fact and adequately *supported* their claims." Dkt. No. 326 (emphasis added). The Court's use of the past tense made clear that the Court was considering the record before it—not inviting Petitioners to file new declarations, particularly after oral argument took place.

In any event, Petitioners waited nine days after argument to file the declarations—the same day the Parties' supplemental briefs were due. Because Petitioners deliberately delayed filing these new declarations, EPA was deprived of the opportunity to respond in its

supplemental briefing. *See* Dkt. No. 353. If the Court is inclined to consider these tardy declarations, EPA respectfully requests an opportunity to respond in full.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN
KRISTEN SARNA
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC  20044-7611

*Counsel for Respondents*